625 So.2d 628 (1993)
Allen HAYES, Plaintiff-Appellee,
v.
Grady L. KELLY, Jr., Sheriff, et al., Defendants-Appellants.
No. 92-1433.
Court of Appeal of Louisiana, Third Circuit.
October 6, 1993.
Rehearing Denied November 12, 1993.
*629 Camille Joseph Giordano, Charles Joseph Yeager, Alexandria, for Allen Hayes.
Dorwan Gene Vizzier, Alexandria, for Grady L. Kelly, Sheriff, et al.
*630 Albin Alexandre Provosty, H. Bradford Calvit, Alexandria, for City of Alexandria.
Before GUIDRY, THIBODEAUX and COOKS, JJ.
THIBODEAUX, Judge.
The plaintiff and all defendants appeal a judgment in favor of plaintiff, Allen Hayes, and against Tommy Hollingsworth in his capacity as Sheriff and Ex-Officio Tax Collector of Rapides Parish, and the City of Alexandria, in solido. The trial court found defendants liable to Hayes for false imprisonment. Defendants appeal liability and fault and Hayes appeals the apportionment of the damage award. For the following reasons, we amend the judgment of the trial court and affirm as amended.

FACTS
This is a case of mistaken identity. On December 28, 1987, Allen Hayes was arrested for receiving stolen goods by Alexandria Police Detectives Frank McCall and Mel Queen. At the time of his arrest, Hayes gave his address, 1427 Hardtner Street, and his nickname, "Booby" to the arresting officers. These were placed on his arrest report and bond information sheet. He was transferred and booked into the Rapides Parish Jail on the same day. His transfer form erroneously reflects Hayes's nickname to be "Bobby."
Prior to Hayes's arrest, an investigation into the murder of Ronald McDaniel was ongoing. Two suspects, Robert Lair and Ephreum Laird, were taken into custody. Robert Lair alleged there was a witness to the murder whose nickname was "Booby." An investigating officer, Lt. Tommy Cicardo, cross-referenced the nickname through the Alexandria Police Department's nickname file and matched it to plaintiff, Allen Hayes. This information was sent to the district attorney's office to inform it that Hayes was a witness but could not be located.
Simultaneous with, but unrelated to the murder investigation, Ephreum Laird was being prosecuted for armed robbery. The prosecutor, Assistant District Attorney Jim Buck, noticed a "Bubba Hayes" was subpoenaed as a witness for the defense and suspected he might be the "Booby" sought as the murder witness. Despite being subpoenaed by both parties, "Bubba Hayes" did not appear at trial. As a result, two contempt warrants were issued against him, on September 15, 1987, one with bail set at $50,000.00 and the other with no bail set.
On December 29, 1987, Buck had been notified of plaintiff's presence in the parish jail and sent Mike Rogers, an investigator with the district attorney's office, and Detective Queen to positively identify him as the person wanted under the contempt warrants. Pursuant to this positive, albeit erroneous, identification, Hayes was re-arrested and re-booked on contempt charges. Throughout that procedure, he maintained that the wrong person was being arrested. He was then brought before Judge William Polk for a bond reduction at which time he informed the court that he was not the person named in the warrant. Nevertheless, his bond was not reduced and he was sent back to jail where he remained for a total of 171 days.
On June 17, 1988, after viewing a photograph of Allen Hayes, Robert Lair informed Cicardo that Hayes was not the "Booby" reported as the witness to the murder. That same day, Cicardo and the District Attorney's office had Hayes released. This false imprisonment suit followed.
Trial was held on January 9 and 10, 1992. Judgment was rendered against Tommy Hollingsworth, in his capacity as the Sheriff of Rapides Parish, and the City of Alexandria. The trial court set damages at $55,000.00, and apportioned fault at thirty-three percent to the sheriff, thirty-three percent to the City of Alexandria, and thirty-four percent to the District Attorney of the Ninth Judicial District, Parish of Rapides. Because the parties agreed the District Attorney was statutorily immune from liability, the trial court reduced the judgment by its degree of fault and cast each of the remaining defendants for $18,150.00, plus interest and costs.

ISSUES
All parties have appealed. The City of Alexandria raises the following issues:

*631 (1) Whether it was manifest error for the trial court to find the City's detectives misidentified Hayes as being the person sought after in the contempt warrants;
(2) Whether the City was a legal cause of the false arrest of Hayes because it introduced inaccurate information into the system;
(3) Whether Judge Polk's disregard for Hayes's claims at the reduction of bond hearing was a superseding and intervening cause of Hayes's detention;
(4) Whether the City should be held one-third at fault for Hayes's injuries; and,
(5) Alternatively, if the Sheriff is found not to be liable, whether the claim against the City has prescribed.
The Sheriff raises the following issues:
(1) Whether the sheriff's office had a duty to investigate further into Hayes's identity after Officer Queen identified him as the person named in the warrant;
(2) Whether the sheriff's office was negligent in not inquiring why the non-convicted inmate Hayes was being held for such an extended period of time;
(3) Whether the actions of the Sheriff or his deputies were a cause-in-fact of Hayes's injuries; and,
(4) Whether the refusal by Judge Polk to lower Hayes's bond was a superseding and intervening cause which subsequently excused the Sheriff from liability.
The plaintiff raises one issue on appeal:
(1) Whether the award pursuant to the apportionment of fault was properly made.

LAW & DISCUSSION

A. City of Alexandria

Issue 1
The City argues that the trial judge committed manifest error in finding that Detective Queen positively identified Hayes as the person wanted under the contempt warrants. The finding was based on the arrest report regarding the warrants, filled out by the jailer, Deputy Roger Edwards, and Edwards's testimony. Both reveal that Detective Queen made the positive identification necessary to have Hayes re-arrested. The City contends that Mike Rogers of the district attorney's office was the person who erroneously confirmed Hayes's identity and that Queen was present merely to identify Hayes as the person on whose arrest he assisted.
The essence of the City's argument is that the trial judge erroneously relied on the testimony of Edwards and the accompanying documentation, instead of that given by Queen and Rogers. This argument runs headlong into the rule of law clearly explained in Rosell v. ESCO, 549 So.2d 840 (La.1989) and Stobart v. State of Louisiana, DOTD, 617 So.2d 880 (La.1993), that the trier of fact is afforded great discretion in credibility determinations of witnesses and the factual conclusions drawn from such determinations. The City fails to raise evidence which "contradict[s] the witness's story," or shows that Edwards' version of the events was "internally inconsistent or implausible on its face." Rosell, supra at 844, 845. Where no such contradictory evidence or inconsistent testimony exists, the trier of fact's credibility determination can virtually never be found manifestly erroneous. As a result, the trial judge's decision to believe the testimony of Edwards and the accompanying arrest record is not clearly wrong.

Issue 2
The City's second complaint is that the trial judge erroneously found it was liable to Hayes because it introduced inaccurate information which led to the misidentification. The alleged introduction of inaccurate information occurred when Cicardo, who was attempting to locate the alleged murder witness, "Booby," cross-referenced the nickname and came up with "Allen Hayes." He then sent Hayes's name to the district attorney's office informing them that he was the witness sought.
In order for the trial judge to impose liability, proof must exist that the City owed a duty to Hayes, that this duty was breached by the City, that the breach of duty was a cause-in-fact of the injuries and that the scope of the duty encompasses the risk of the injuries. Roberts v. Benoit, 605 So.2d 1032 *632 (La.1991); Wilson v. Department of Public Safety & Corrections, 576 So.2d 490 (La. 1991). The City argues that Hayes failed to prove the foregoing elements and, thus, the trial judge erred in law for holding it liable.
Certainly, a duty exists for any law enforcement agency to correctly identify a suspect before arresting and jailing him. If no such duty existed, there would be no need for an action for false imprisonment. The City owed a duty to Hayes to properly discern whether he was in fact the person named in the arrest warrant. There being a duty to properly identify Hayes, we must look to whether the actions of the City constituted a breach of that duty and whether the breach led to his injuries.
Hayes's incarceration for 171 days was the culmination of several individual errors. It is apparent from the record that the parties involved were of the opinion that someone else would properly check the information passed on to insure that the right person was detained. Cicardo assigned the name "Allen Hayes" to the nickname "Booby" after finding it in the nickname reference file. He then passed the information on to the district attorney, that Hayes was an eyewitness to a murder, without having determined or, at the very least, found corroborative evidence that Hayes was the actual alleged witness. This information was relied on by Buck and caused him to notice that "Bubby Hayes" had been subpoenaed for the armed robbery trial. Had Hayes's name not been supplied by Cicardo, or had Cicardo followed up on the information instead of relying solely on a cross-referenced nickname, the subsequent events could have been avoided.
Furthermore, the identification of Hayes by Queen as the person named in the warrant also contributed to Hayes's unnecessary incarceration. No effort was made by Queen to determine if there was a difference between the "Bubby Hayes" wanted in the warrant and the "Allen `Booby' Hayes" arrested on the receiving stolen goods charge. This failure by Cicardo and Queen to properly determine the identity of Hayes led directly to his injuries and liability was properly imposed on the City.

Issue 3
The City claims it is excused from liability by virtue of an intervening and superseding cause. It claims Judge Polk was negligent in failing to find that Hayes was not the person named in the warrants and in not reducing Hayes's bond. Where injury occurs through the negligent acts of one party, and the injury is subsequently aggravated by a separate negligent act of another party, the original negligent party is only responsible for the damages caused by his own fault. Swan v. Vernon Mill Company, 517 So.2d 1161 (La.App. 3d Cir.1987), writ denied, 521 So.2d 1171 (La.1988).
The main reason Judge Polk declined to reduce Hayes's bail was the representation by Buck that Hayes had been subpoenaed to testify at the armed robbery trial and failed to appear. Hayes denied he was the person wanted, but by then he had already been erroneously identified as the witness who had been sought. Buck argued that Hayes might fail to appear again if he was released. Judge Polk relied on the information presented to him. That this information would later prove false is not the fault of the lower court. Nor can Judge Polk be deemed negligent for choosing to believe the district attorney rather than the defendant. Moreover, the hearing was merely for a reduction of bond and is conducted less formally than, for example, an arraignment. Considering the evidence placed before him, we cannot say Judge Polk committed an error, nor can we say the trial judge erred in finding no superseding cause.

Issue 4
This issue concerns percentage of fault. The trial judge found the City to be thirty-three percent at fault. The City argues that the majority of fault lies with the district attorney's office. Assessment of fault is largely a factual determination. We reiterate that the trial judge is afforded great deference in making factual conclusions. Rosell, supra.
As we discussed above, several unfortunate events occurred which led to Hayes's lengthy *633 and unlawful incarceration. We are satisfied, after reviewing the record, that the City played a substantial role in causing Hayes's injuries. We find no error in the trial judge's assessment of fault.
It is not necessary to address the fifth issue raised by the City as we uphold the judgment against the Sheriff for the following reasons.

B. The Sheriff

Issues 1, 2 & 3
The first three issues raised by the Sheriff concern liability. He claims that he had no duty either to inquire further into Hayes's identity or into why Hayes was in jail for so long despite having not been convicted. He also claims that his actions were not the cause-in-fact of Hayes's injury. The trial judge found that discrepancies in the reports that accompanied the two separate arrests of Hayes should have raised a question of his identification in the mind of Edwards, the jailer.
The original arrest report, and the one made for the warrants, showed different addresses and different nicknames for the individuals sought. The trial judge felt this incongruity in information, together with the fact that Hayes remained in jail for nearly six months despite not having been arraigned, should have alerted the Sheriff to the problem.
The Sheriff may have no duty to investigate further into the identity of the persons he incarcerates where no indication exists that an unlawful or mistaken arrest occurred. However, in a situation such as this one, where there is a discrepancy in the nicknames and the addresses, and protestations of mistaken identity, at least some inquiry into identity should have been made. No such inquiry was made, and Hayes remained in jail. The fact that he was in jail for nearly six months and had not been brought to court for any reason other than a bail reduction hearing should also have indicated to the jailers that a problem existed.
We find no error in the trial judge's finding of liability on the part of the sheriff. His duty to investigate into the identity of Hayes arose because several factors indicated that he might have been falsely imprisoned. He breached this duty because, despite the indications of a problem with identification, he allowed Hayes to spend nearly six months without once inquiring into why he had not yet been tried, released, or even brought to court.
As to the argument that his negligence was not a cause-in-fact of Hayes's injuries, again we disagree. The sheriff's argument is that even had he suspected that Hayes had been misidentified, it would not have been possible to positively determine that he was not the person sought under the warrant. We agree with Hayes's argument that it was, in fact, quite simple to clear up the matter.
Cicardo, upon hearing of the possible misidentification, showed Robert Lair a picture of Hayes and Lair stated that Hayes was not the witness named "Booby" present at the murder. Hayes was released that same day. It, in fact, took very little effort to verify Hayes's identity once someone took the time to do so. The sheriff could easily have set the process in motion had he made the effort to investigate the discrepancies, especially in view of Lair's accessibility as a fellow prisoner with Hayes in the Rapides Parish jail. His failure to do so was a cause-in-fact of Hayes's incarceration. There was no error in the trial judge's ruling.

Issue 4
The sheriff claims, as did the City, that the failure of Judge Polk to recognize Hayes's claims of misidentification at the reduction of bond hearing was an intervening and superseding cause of his injuries. For the same reasons discussed above in the City's issue three, we find no merit to this argument.

C. Plaintiff's Issue

Issue 1
Hayes claims the damage award was improperly rendered. Because the district attorney was held to be statutorily immune from liability, the trial judge reduced the total judgment of $55,000.00 by the percentage of fault he attributed to the district attorney and held the two remaining defendants liable for the remainder, which amounted to $18,150.00 each. The trial court did not have the benefit of Touchard v. Williams, 617 So.2d 885 (La.1993) at the time of its judgment. The Louisiana Supreme *634 Court's interpretation of Article 2324(B) of the Louisiana Civil Code[1] requires that each defendant, the City of Alexandria and the Sheriff of Rapides Parish, be held jointly liable for 50% of Hayes's recoverable damages. Consequently, the City and the Sheriff are each liable to Hayes for $27,500.00.

CONCLUSION
For the foregoing reasons, the judgment of the trial court in favor of Allen Hayes is amended to cast the City of Alexandria and Tommy Hollingsworth in his capacity as Sheriff and Ex-Officio Tax Collector of Rapides Parish each liable for $27,500.00. In all other respects, the judgment of the trial court is affirmed. Defendants shall share equally the costs of this appeal.
AMENDED AND AFFIRMED AS AMENDED.
NOTES
[1] LSA-C.C. art. 2324(B) reads as follows:

B. If liability is not solidary pursuant to Paragraph A, or as otherwise provided by law, then liability for damages caused by two or more persons shall be solidary only to the extent necessary for the person suffering injury, death, or loss to recover fifty percent of his recoverable damages; however, when the amount of recovery has been reduced in accordance with the preceding Article, a judgment debtor shall not be liable for more than the degree of his fault to a judgment creditor to whom a greater degree of fault has been attributed. Under the provisions of this Article, all parties shall enjoy their respective rights of indemnity and contribution. Except as described in Paragraph A of this Article, or as otherwise provided by law, and hereinabove, the liability for damages caused by two or more persons shall be a joint, divisible obligation, and a joint tortfeasor shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, or immunity by statute or otherwise.