| iSAUNDERS, Judge,
dissenting.
Ms. Cooley was shopping at K-mart when an employee, carrying a stereo, bumped into her, allegedly causing injury. The majority states that “[t]he jury heard all the evidence and resolved all issues in favor of K-mart” and affirms, finding no manifest error in the jury’s concluding that plaintiff failed to show cause-in-fact of plaintiff’s injuries. After reviewing the record, I arrive at a different conclusion. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975).
The jury did not resolve all the issues; rather it only reached the negligence question. The jury did not reach the only issue examined by the majority, the question of causation contained in jury interrogatory No. 2. Rather the jury did not get beyond interrogatory No. 1, on the subject of negligence, which reads as follows:

“SPECIAL VERDICT OF JURY

1. Did an employee of K-mart Corporation negligently drop or hit plaintiffs shoulder with a boxed stereo while in *838 the performance of his duties at the DeRidder Store on or about December 6, 1991?”
|2The majority does not take up the question of negligence but proceeds straight to the issue of causation. I believe it errs in doing so.

NEGLIGENCE

While the trial judge’s instructions reveal no error, this is not dispositive, for the jury was the fact finder in this case, and it had an inadequate appreciation of the law when it rendered its verdict. Under the duty-risk analysis, the failure of K-mart’s employee to take precautions and keep a vigilant watch constituted both causes-in-fact of plaintiffs injury (however slight) and a legal cause of the harm incurred. Sinitiere v. Lavergne, 391 So.2d 821, 825 (La.1980); Crooks v. National Union Fire Ins. Co., 620 So.2d 421, 425 (La.App. 3d Cir.), writ denied, 629 So.2d 391, 392 (La.1993) (see generally, as similar facts and law applicable). That the jury did not understand the concept of negligence is not mere speculation, as the jury foreman issued a note to the judge asking the trial judge, “Can you reexplain negligent act?”
Where a finding of fact is interdicted because of some legal error implicit in the fact finding process, or when a mistake of law forecloses any finding of fact, the manifest error rule is inapplicable. Thus, in my view, the majority errs in applying the manifest error rule to the factual determination (not) made by the jury. Without considering the issue of negligence, the majority cannot logically dispose of this case by applying the manifest error rule to the issue of causation, an issue not reached by the jury at all. It would seem that its doing so alone constitutes reversible error. Ragas v. Argonaut Southwest Ins. Co., 388 So.2d 707, 708 (La.1980). In any event, in light of the jury’s faulty understanding of the law, we are required to reverse and render if the record is adequate to make a decision, Gonzales v. Xerox Corporation, supra, or remand if it is not. Ragas, supra.
Moreover, the majority’s conclusion on the issue of causation was wrong, even under the manifest error rule. This is because plaintiffs injuries were at least aggravated by defendant’s negligence, entitling her to at least some relief.
|3The original tortfeasor is only responsible for damages caused by his own fault, not by subsequent aggravations caused by separate negligent acts committed by others. Hayes v. Kelly, 625 So.2d 628 (La.App. 3d Cir.1993). These aggravations are the responsibility of the subsequent tortfeasor, who takes his victim as he finds him:
“The [subsequent tortfeasor’s] liability for damages is not mitigated by the fact that the plaintiffs pre-existing physical infirmity was responsible in part for the consequences of the plaintiffs injury by the defendant. It is clear that a defendant takes his victim as he finds him and is responsible for all natural and probable consequences of his tortious conduct. Perniciaro v. Brinch, 384 So.2d 392, 395 (La.1980); Sansonni v. Jefferson Parish School Board, 344 So.2d 42 (La.App. 4th Cir.1977); Deville v. United States Fidelity & Guaranty Company, 258 So.2d 694 (La.App. 3d Cir.1972); Dufrene v. Miller, 266 So.2d 462 (La.App. 4th Cir.1972); Rachal v. Bankers and Shippers Insurance Company, 146 So.2d 426 (La.App. 3d Cir.1962); see also Johnston v. Ford Motor Co., 443 F.Supp. 870 (W.D.La.1978).... The defendant is hable for the harm it causes even though under the same circumstances a normal person would not have suffered that illness or injury. When the defendant’s tortious conduct aggravates a pre-existing condition, the defendant must compensate the victim for the full extent of the aggravation. American Motorist v. American Rent-All, 579 So.2d 429 (La.1991); Walton v. William Wolf Baking Company, Inc., 406 So.2d 168 (La.1981); Perniciaro v. Brinch, 384 So.2d 392 (La.1980); Reck v. Stevens, 373 So.2d 498 (La.1979).”
Lasha v. Olin Corp., 625 So.2d 1002, 1005-1006 (La.1993).
In light of the foregoing, plaintiff should ultimately be compensated to whatever degree her pre-accident condition had been ad *839 versely affected by defendant, however difficult the task:
“When it is clear that a plaintiff has sustained some damages as a result of the fault of the defendant his demands will not be rejected merely because he cannot establish exactly the amount of damages suffered.”
Koncinsky v. Smith, 390 So.2d 1377, 1382 (La.App. 3d Cir.1980). In accord, Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151,155 (1971). This rule has long been axiomatic. Emerson v. Empire Fire & Marine Ins. Co., 393 So.2d 691, 692-93 (La.1981).
|4In light of these principles of law, even if causation were the issue before us, I could not agree with the majority’s conclusion that the evidence does not show that plaintiff received no injuries at all, even under the manifest error rule.

CONCLUSION

In my view, the majority errs twice, first by failing to address appellant’s first assigned error on the question of negligence, then by refusing to award plaintiff any damages at all. I respectfully dissent.