JiTHIBODEAUX, Judge.
This case involves the interpretation of La.Civ.Code art. 2324(B), which imposes soli-dary liability on joint tortfeasors up to at least 50% of the victim’s recoverable damages. The trial court concluded that all defendants were solidarity liable to the extent of 50% of plaintiffs recoverable losses. The plaintiff-appellant, Mary Touehard, claims that the district court improperly rendered the damage award in light of the decision by the supreme court in Touchard v. Williams, 617 So.2d 885 (La.1993). We agree. We, therefore, amend the judgment of the trial court and hold that each defendant is solidarity liable for up to 50% of Ms. Touchard’s recoverable damages.

ISSUE

Whether La.Civ.Code art. 2324(B) requires that each defendant-tortfeasor be held solidarity liable for 50% of the victim’s recoverable damages in light of the supreme court decision in Touchard, and this court’s decision in Hayes v. Kelly, 625 So.2d 628 (La.App. 3 Cir.1993), units denied, 93-3026 and 93-3048 (La. 2/4/94), 633 So.2d 171, 580.

FACTS

This is an appeal of a judgment rendered by the district court following a remand by the Louisiana Supreme Court after a previous appeal to this court. This lawsuit for damages arises out of a multi-car accident that occurred in the eastbound lane of Interstate 10 on September 17, 1987. Touehard was a passenger in her own vehicle; however, it was being driven by Brenda Williams. James H. Minter was also injured in the accident, and Touchard’s suit was consolidated with Minter’s suit.
On April 23, 1990, through April 30, 1990, these consolidated cases were tried before a civil jury. As to Touehard, the jury found that her injuries were caused by the joint negligence of Brenda Williams, Martha Cau-sey, and Steven Lege. The following percentages of fault were allocated to the defendants by the jury: Williams 63%; Lege 7%; and, Causey 30%. The jury awarded Touch-ard a lump sum of $100,000.00.
Touehard appealed to this court. A decision was rendered on October 16, 1992, upholding the district court judgment in all respects. See Touchard v. Williams, 606 So.2d 927 (La.App. 3 Cir.1992). Next, Touehard applied to the Louisiana Supreme Court for a writ of certiorari which was granted. See Touchard v. Williams, 609 So.2d 239 (La.1992). In the supreme court opinion, the jury’s allocation of fault and *1067 award for damages were affirmed. However, our court’s decision regarding the interpretation of La.Civ.Code art. 2324(B) was reversed and the case was remanded to district court. See Touchard, 617 So.2d 885.
After remand, a status conference was set to fashion a final judgment. On September 2, 1993, the district court rendered and signed a final judgment in favor of Touchard. The portion of the judgment at issue provides:
“IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:
1. That there be judgment in favor of plaintiff, Mary Touchard, and against defendants, jointly and divisibly, in the following proportions: Brenda Williams and State Farm Mutual Automobile Insurance Company, 63%; Steve Lege and Texas Farmers Insurance Company, 7%; Martha Causey and Allstate Insurance Company, 30% of recoverable losses of $100,000.00, plus legal interest on all amounts from date of judicial demand until paid; further, subject to applicable policy limits of the liability insurers herein, State Farm Mutual Automobile Insurance Company at $25,-000.00, Texas Farmers Insurance Company at $20,000.00 and Allstate Insurance Company at $100,000.00, all defendants are solidarly [sic] liable to the extent of 50% of plaintiffs same recoverable losses.”
The underlying facts of the case as to allocation of fault and award of damages are not at issue. However, there has been a change in the amounts Touchard has received from the various defendants. At the time of the supreme court decision, Touchard was paid the policy limits of $25,000.00 from State Farm Insurance Company (Williams’ insurer); $30,000.00 from Allstate Insurance Company (Causey’s insurer); and, $7,000.00 from Texas Farmers Insurance Company (Lege’s insurer). After filing the present appeal, Touchard was paid an additional $20,-000.00 by Allstate Insurance Company.
UTouchard was not paid, and the trial court did not order payment, of any additional amount by Texas Farmers Insurance Company. Texas Farmers is the only insurance company still remaining as a party in this lawsuit.
Touchard’s appeal asserts as error the district court’s failure to recognize that La.Civ.Code art. 2324(B) makes each joint tortfeasor solidarity hable for 50% of the plaintiffs recoverable damages. Thus, Touchard argues, the district court judgment should have provided that each of the tortfeasors was solidarily hable for up to $50,000.00. This would have provided the mathematical underpinning to conform to Touchard v. Williams and explain the increase of Allstate’s liability from 30% to 50%, as well as Texas Farmers’ liability from 7% to 50% (limited, of course, by its $20,000.00 pohcy limits). We agree, therefore, that it is unnecessary to address Touchard’s second assignment of error as to the allocation of payments previously made by the tortfeasors.

LAW AND DISCUSSION

Article 2324(B) of the Louisiana Civil Code reads as follows:
“B. If liability is not solidary pursuant to Paragraph A, or as otherwise provided by law, then liability for damages caused by two or more persons shall be solidary only to the extent necessary for the person suffering injury, death, or loss to recover fifty percent of his recoverable damages; however, when the amount of recovery has been reduced in accordance with the preceding Article, a judgment debtor shah not be hable for more than the degree of his fault to a judgment creditor to whom a greater degree of fault has been attributed. Under the provisions of this Article, ah parties shall enjoy their respective rights of indemnity and contribution. Except as described in Paragraph A of this Article, or as otherwise provided by law, and hereinabove, the liability for damages caused by two or more persons shah be a joint, divisible obhgation, and a joint tort-feasor shah not be solidarily hable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person’s insolvency, ability to pay, degree of fault, or immunity by statute or otherwise.”
*1068 | fiThis section of La.Civ.Code art. 2324 has recently been interpreted by the supreme court in Touchard, 617 So.2d 885.
In Touchard, the supreme court revealed that “[t]he pivotal issue in this case is the interpretation of the phrase ‘only to the extent necessary for the person suffering injury, death, or loss to recover fifty per cent of his recoverable damages’.... ” Id. at 887. This phrase is contained in La.Civ.Code art. 2324(B). Further, the supreme court noted that the Article is not clear and free of ambiguity and that both scholars and commentators have wrestled with the meaning of the Article since its revision. The supreme court went on in Touchard to discuss soli-dary liability among co-tortfeasors as a part of Louisiana’s civil tradition, stating that the tradition has lasted for over 150 years. Underlying the civilian concept of in solido liability in tort law is victim compensation. Id. The principal effect of imposing solidary liability among co-tortfeasors is that any tort-feasor may be compelled to pay the entire judgment. Id.; La.Civ.Code art. 1794.
The revision of La.Civ.Code art. 2324 in 1987 dealt with the issue of encumbering solvent tortfeasors, whose allocations of fault were minimal as compared to the other tortfeasors, with 100% of the victim’s recoverable damages. Touchard, 617 So.2d 885. Solidarity among co-tortfeasors was not completely abolished by the revision since that would place the risk of a joint tortfea-sor’s inability to pay upon the innocent victim. Id. Consequently, the Touchard court stated, “the final version of the article adopted by the Legislature represents a compromise between the competing interests of judgment creditors and judgment debtors,” Id. at 891 whereas before the revision of La.Civ.Code art. 2324, each co-tortfeasor was responsible for 100% of the victim’s damages. In other words, if there were three co-tort-feasors and if tortfeasor “A” was insolvent and tortfeasors “B” and |r“C” were solvent, tortfeasors “B” and “C” would each have to be responsible to pay the victim’s entire amount of damages, even though “A” may have been assessed with 80% of the fault and “B” with 15% of the fault and “C” with only 5% of the fault. Since the revision of La. Civ. Code art. 2324, each judgment debtor’s exposure is limited to 50% of the plaintiffs recoverable damages where the judgment debtor’s assignment of fault is less than 50%. Touchard, 617 So.2d 885. Likewise, a victim cannot secure 100% recovery from one or another of the co-tortfeasors, except where the tortfeasors have committed “an intentional or willful act” or a given tortfeasor has been allocated 100% of the fault. La.Civ.Code art. 2324; Touchard, 617 So.2d 885. Recently, the supreme court in Cavalier v. Cain’s Hydrostatic Testing, Inc., 94-1496 (La. 6/30/95), 657 So.2d 975, explained the basis of the legislative compromise in La.Civ.Code art. 2324(B) as allowing the tort victim to “obtain some minimum percentage of full compensation from any person whose fault causally produced his or her damages.” Cavalier, 657 So.2d at 983. (Emphasis added).
This court, in Hayes, involving multiple tortfeasors, recently applied the supreme court’s interpretation of La.Civ.Code art. 2324(B) as expressed in the Touchard opinion. We held that the supreme court’s interpretation of the Article “requires that each defendant, ... be held jointly hable for 50% of [the victim’s] recoverable damages.” Hayes, 625 So.2d at 634; (Emphasis added). See also Cavalier, 657 So.2d at 982 n. 6. Similarly, in this case, each tortfeasor is soli-darily hable for 50% of Touchard’s recoverable damages; therefore, State Farm (as Williams’ insurer), Allstate (as Causey’s insurer) and Texas Farmers (as Lege’s insurer) are each hable to Touchard for $50,000.00 subject to pohcy limits. Thus, Touchard is entitled to collect an additional $13,000.00 from Texas Farmers Insurance Company, increasing her total collection to $95,000.00.
I '¡CONCLUSION
For the above reasons, the judgment of the district court in favor of Mary Touchard is amended. Each defendant is solidarity hable for up to 50% (or $50,000.00) of Mary Touchard’s recoverable damages.
It is ordered, adjudged and decreed that the judgment herein be amended to award Mary Touchard $13,000.00 against Texas Farmers Insurance Company, reflecting an increase in the amount of Touchard’s recov *1069 erable damages that Texas Farmers Insurance Company is required to pay. This amount is the difference between what it has already paid and the balance of its policy limits of $20,000.00.
All costs of this appeal are assessed to defendant-appellee, Texas Farmers Insurance Company.
AMENDED AND, AS AMENDED, AFFIRMED.