hGREMILLION, J.
In this appeal, the defendant, the State of Louisiana, through the Department of Transportation and Development (DOTD), asserts the trial court erred in awarding damages to the plaintiff, Abigail Farbe. Farbe also appeals contending that the trial court erred in assessing only 20% of the damages rather than 50% to DOTD and also contends her award for future medical expenses should be increased from $20,000 to $75,000. For the following reasons, we amend the judgment of the trial court and affirm as amended.
FACTS
On July 21, 1991 at approximately 12:20 in the afternoon, twenty-eight year old Farbe was traveling north along the meandering Bayou Des Glaise on Louisiana Highway 451 in Avoyelles Parish when she collided head-on with intoxicated motorist, Steven Beaver. Beaver, who had negotiated fifteen less extreme |2curves while traveling toward Moreauville, lost control of *230 his vehicle while negotiating the sharpest curve in the road to that point, crossed the center line, and struck Farbe’s vehicle. Beaver died at the scene while Farbe, though saved by her seatbelt, suffered numerous serious injuries.
Farbe filed suit against Louisiana Indemnity Company, Farbe’s uninsured/under insured motorist carrier, Casualty Reciprocal Exchange and State Farm Mutual Automobile Insurance Company, Beaver’s Lability carriers, as well as Beaver’s estate. Philip and Cynthia Beaver, the deceased’s sole heirs, were subsequently substituted as party defendants. Additionally, Charles Marionneaux, Jr., owner of the vehicle Beaver was driving, and DOTD were also made party defendants. All defendant insurers settled for the policy limits and the Estate of Steven Beaver was released, leaving DOTD the only remaining defendant.
At the trial on the merits, the trial court held that Beaver’s blood alcohol level of .17 and his failure to heed posted speed limit and curve warning signs were the primary causes of the accident and, accordingly, assigned him 80% of the fault. However, in written reasons, the trial court held that the succession of curves leading to the scene of the accident, the degree of the curve in which the accident occurred, the geometry of the curve, the fact that there was no curve widening to accommodate the severity of the curve in question, and that the curve could have been minimized by the construction of an embankment closer to Bayou Des Glaise supported a finding that the “defective curvature of the highway was a substantial factor in bringing about the accident and plaintiffs injuries” and, as such, found DOTD 20% at fault. Farbe was awarded $350,000 in general damages, $35,131.95 for past due medical |3expenses, $20,000 for future medical expenses, and $1,734.40 for lost earnings, all of which were reduced by 80%, the percentage of fault assigned to Beaver.
DISCUSSION
Farbe appeals maintaining that the trial court erred in assessing to DOTD only 20% rather than 50% of the damages and that her award of $20,000 for future medical expenses should be increased to $75,-000. DOTD also appeals claiming that it bears no responsibility for the design of Highway 451 insisting that it was merely a “path” dating back to the nineteenth century that over time evolved into a state roadway. DOTD additionally asserts that Beaver’s intoxication and failure to heed posted speed limit and curve warning signs were the causes of the accident. Further, DOTD claims Farbe failed to prove that the highway was defective and created an unreasonable risk of harm to motorists, thus, it was not a cause-in-fact and legal cause of Farbe’s injuries.
In this case, DOTD’s liability may arise under a theory of negligence, La.Civ.Code art. 2315, or a theory of strict liability, La.Civ.Code art. 2317. Article 2315 provides, in pertinent part, that “[ejvery act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.” Article 2317 provides: that “[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.” The distinction between recovery under these theories is that under strict liability, the plaintiff is relieved of proving the owner or custodian of the thing which caused the damage knew or should have known of the risk involved. See Kent v. Gulf States Util. Co., 418 So.2d 493 (La.1982). However, when a public entity is a named defendant, as in the case at bar, an additional requirement is imposed on the plaintiff. La.R.S. 9:2800(B), in relation to government defendants, requires a plaintiff to prove that the public entity had “actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy *231 the defect and has failed to do so.” Therefore, under either theory of recovery, the analysis is the same when a public entity is involved. Graves v. Page, 96-2201 (La.11/7/97); 703 So.2d 566.
Accordingly, in order to recover under either strict liability or negligence Farbe must show: (1) the thing was in the custody of DOTD; (2) the thing contained a defect, ie., it had a condition that created an unreasonable risk of harm to the plaintiff; (3) DOTD had actual or constructive knowledge of the risk and failed to take corrective action after a reasonable period of time; and (4) the defective condition of the thing caused the plaintiffs injuries. Oster v. State, Through DOTD, 582 So.2d 1285 (La.1991).
The duty-risk analysis is employed on a case by case basis. Daye v. General Motors Corp., 97-1653 (La.9/9/98); 720 So.2d 654; Harris v. Pizza Hut of La., Inc., 455 So.2d 1364 (La.1984). Therefore, whether DOTD breached its duty, that is, whether the roadway at the scene of the accident was in an unreasonably dangerous condition, will depend on the facts and circumstances of this case. Generally, the first determination in the duty-risk analysis is cause-in-fact. Daye, 720 So.2d 654; Boykin v. Louisiana Transit Co., Inc., 96-1932 (La.3/4/98); 707 So.2d 1225; Pierre v. Allstate Ins. Co., 257 La. 471, 242 So.2d 821 (1970). Cause-injact5 is a “but for” inquiry, that is, if the plaintiffs harm would not have occurred but for the defendant’s substandard conduct then it is a cause-in-fact. When multiple causes are present, a defendant’s conduct is a cause-in-fact when it is a substantial factor generating a plaintiffs harm. Shephard v. Scheeler, 96-1690, 96-1720 (La.10/21/97); 701 So.2d 1308; Dixie Drive It Yourself v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962).
 DOTD has a duty to maintain the roadway so it does not pose an unreasonably dangerous condition to the motoring public, even though the roadway at issue is an old highway. Aucoin v. State, Through DOTD, 97-1938, 97-1967 (La.4/24/98); 712 So.2d 62. “Design standards both at the time of the original construction and at the time of the accident may be relevant factors for consideration in deciding this issue, but are not determinative.” Hunter v. State, Through DOTD, 620 So.2d 1149, 1151 (La.1993); Dill v. State, Through DOTD, 545 So.2d 994 (La.1989). As pointed out in Aucoin, 712 So.2d at 66:
Since 1968, the Louisiana state legislature has required DOTD to maintain all highways in conformity -with AASHTO standards to the extent possible:
The office of the Department of Transportation and Development shall adopt minimum safety standards with respect to highway and bridge design, construction, and maintenance. These standards shall correlate with and, so far as possible, conform to the system then current as approved by the American Association of State Highway and Transportation Officials. Hereafter, the state highway system shall conform to such safety standards.
La.R.S. 48:35(A). While failure to adhere to AASHTO standards may not in itself attach liability, whether DOTD has conformed to those standards is a relevant factor in determining the ultimate issue of whether the roadway is unreasonably dangerous. Dill v. DOTD, 545 So.2d 994 (La.1989).
|Jn determining whether the condition of a highway is dangerous, we must consider physical aspects of the roadway, frequency of accidents at that place in the highway, and the testimony of expert witnesses. Newsom v. State, Through DOTD, 93-815 (La.App. 3 Cir. 3/30/94); 640 So.2d 374, writ denied, 94-1118 (La.6/24/94); 641 So.2d 207. Failure to reconstruct the state’s highways to meet modern standards does not establish the existence of a hazardous defect. Aucoin, 712 So.2d 62, citing Myers v. State Farm *232 Mut. Auto. Ins. Co., 493 So.2d 1170 (La.1986).
The standard of review in cases where unreasonable risk of harm is at issue is manifest error. Reed v. Wal-Mart Stores, Inc., 97-1174 (La.3/4/98); 708 So.2d 362. The appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one after reviewing the record in its entirety. Mart v. Hill, 505 So.2d 1120 (La.1987).
[T]he reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.
Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973). The factual determination required in this instance is whether, under the specific facts of this case, the trial court committed manifest error in finding the curve in question unreasonably dangerous.
After reviewing the record in its entirety, we cannot find that the trial court committed manifest error in determining that the curve where Beaver lost his life and Farbe was seriously injured was a substantial factor in causing the collision that forms the basis of this appeal. The trial court found, and we agree, that Beaver’s intoxication and driving were a cause-in-fact of the accident. Indeed, we agree that LBeaver’s actions support a finding that he was 80% at fault. However, we do not agree that Beaver’s driving was the sole cause of the accident. Nor do we agree with James R. Clary, Farbe’s expert on road design and construction, that an accident occurring in a curve in noncompliance with AASHTO standards, now or at the time of its construction, is necessarily a cause-in-fact or legal cause of an accident occurring within its boundaries. As pointed out in Newsom, 640 So.2d 374, the trier of fact must look at the totality of the circumstances surrounding an accident before judgements as to cause can be made.
Clary’s testimony reflects that AASHTO requirements for curves on highways paved in 1951 would have allowed a maximum of six degrees of curvature. In the instant case, Highway 451 reverses from a maximum of six degrees curve to the left, to a maximum of six degrees to the right, and then again to the right twelve and one-half degrees, over twice the maximum degree allowable; the last two curves in the series creating a “broken back” curve. As discussed in the 1954 AASHTO manual, such winding alignment composed of successive sharp curves should be avoided in road construction and, in addition, the maximum curvature for speed should be avoided whenever possible. Clary testified that the curve in question did not comply with AASHTO standards when it was paved and the degree of curvature violated both AASHTO and State of Louisiana Department of Highway standards. La.R.S. 9:2800(D) provides that nonconformance with promulgated rules and regulations does not constitute negligence per se. However, it is a factor among other factors from which negligence is determined. However, whether a curve conformed to standards, a primary concern of which are safety considerations, is of importance | ¿when examining the totality of the circumstances.
Beaver negotiated fifteen less extreme curves before entering the curve at issue. This fact, in addition to the findings that the curve was twice the maximum degree of curvature allowed by AASHTO standards when the road was paved, the curve could have been widened to comply with AASHTO standards and to make it safer, and that an embankment could have been placed closer to Bayou Des Glaise which would have lessened the curve, provide sufficient evidence to find that the curve on Highway 451 where the accident oc- *233 eurred was a cause-in-fact of Farbe’s injuries.
DOTD contends that it has no responsibility for the design of Highway 451 as it was merely a foot trail and cart path that the state made a gravel road in the 1920’s, and then later in the early 1950’s and again in the 1980’s was paved and maintained for the convenience of those living along the bayou. Highway 451’s evolution from an initial route of commerce along Bayou Des Glaise does not allow the State to gravel and pave the road without regard to AASHTO or other state standards in effect at the time. Accordingly, the trial court’s judgement finding DOTD 20% at fault in causing the accident is affirmed. DOTD’s assignment of error is dismissed as being without merit.
APPLICATION OF ARTICLE 2324(B)
Under the comparative fault doctrine, the trial court found Beaver 80% at fault and DOTD 20% at fault. The trial court, thereafter, ordered DOTD to pay Farbe 20% of the total damage award of $406,866. She now complains that the trial court should have ordered DOTD to pay 50% of the damages under La.Civ.Code art. | fl2324(B). In 1996, Article 2324(B) was amended, which resulted in adoption of pure comparative fault. As set forth in Aucoin, Article 2824(B) as amended by Acts 1996, 1st Ex. Sess., No. 3. § 1, is substantive legislation and may not be applied retroactively. Since the case at bar arose out of an accident in 1991, we must look at Article 2324(B) as it existed then. At that time, the article held defendants solidarily liable only to “the extent necessary for the person suffering injury, death, or loss to recover fifty percent of his recoverable damages.” The Louisiana Supreme Court has interpreted the article to mean that a defendant cast with a percentage of fault of less than fifty percent, in the absence of a greater than fifty percent assignment of fault to the plaintiff, is jointly liable for fifty percent of plaintiffs recoverable damages. Touchard v. Williams, 92-2919 (La.4/12/93); 617 So.2d 885, appeal after remand, 94-777 (La.App. 3 Cir. 3/20/96); 671 So.2d 1065. See also Hayes v. Kelly, 625 So.2d 628 (La.App. 3 Cir.1993), writs denied, 93-3026, 93-3048 (La.2/4/94); 633 So.2d 171, 580. Accordingly, Farbe was awarded $406,866 for her injuries with 80% of the fault attributed to Beaver and 20% to DOTD. While it is noted that Farbe has settled with Beaver’s estate, Marrionneaux’s insurer, and her uninsured motorist carrier,[1] we are compelled under Touchard and its progeny to find DOTD liable for 50% of her damages or $203,433.
FUTURE MEDICAL EXPENSES
Farbe contends that she is entitled to have her future medical expense award increased from $20,000 to $75,000 to cover future surgeries. After a careful review of the record, particularly the testimony of Farbe’s doctor, Dr. Douglas ImWaldman, we are unable to find that the trial court committed manifest error or was clearly wrong in its determination of her future medical expenses. Accordingly, the trial court’s ruling as to future medical expenses is affirmed.
CONCLUSION
For the foregoing reasons, the judgement of the trial court is amended to cast DOTD liable for 50% of Farbe’s recoverable damages of $406,866 or a total of $203,-433. In all other respects, the judgment of the trial court is affirmed. The costs of this appeal are assessed to the State, through the Department of Transportation and Development.
AMENDED AND AFFIRMED AS AMENDED.

. Farbe received $100,000 from a settlement with Beaver's estate, $25,000 from Marrion-neaux, $10,000 from her uninsured motorist carrier, and $5,000 in medical payments.