625 So.2d 1002 (1993)
Jack and Lillian LASHA
v.
OLIN CORP., et al.
No. 93-C-0044.
Supreme Court of Louisiana.
October 18, 1993.
Rehearing Denied November 18, 1993.
*1003 Robert W. Thomas, Elizabeth S. Hardy, Thomas & Hardy, Lake Charles, for applicants.
Thomas M. Bergstedt, Gregory P.A. Marceaux, Bergstedt & Mount, Lake Charles, for respondents.
DENNIS, Justice.[*]
In this civil suit for reparation of personal injury damage we granted certiorari and now reverse the trial and appellate court judgments below. The trial court committed prejudicial errors of law because its rejection of plaintiffs' demands was based on the court's application of incorrect legal principles, viz., that (1) plaintiff was required to prove to a "reasonable medical certainty" that his exposure to chlorine gas (because of defendant's fault or defective equipment) caused plaintiff's injury, the disabling aggravation of his preexisting sub-clinical asthma, and the triggering of his mental depression; (2) defendant's liability for damages was mitigated by the fact that the plaintiff's pre-existing physical infirmity was responsible in part for the consequences of plaintiff's injury by the defendant; and (3) defendant was not liable for the aggravation during treatment of plaintiff's injuries due to the negligence of his physicians, even though plaintiff exercised reasonable care in selecting the doctors in whose care he placed himself. The majority of the Court of Appeal mistakenly affirmed the trial court's judgment despite these prejudicial errors of law and further erred in its failure to decide the case de novo based upon the record compiled in the trial court. 607 So.2d 20.
Upon reviewing the evidence ourselves, we find that the plaintiff proved by a preponderance of the evidence that his tortious exposure to chlorine gas by the defendant was a cause in fact of plaintiff's injury and his disabling clinical asthma and depression. Therefore, plaintiff is entitled to reparation for his damage in this ordinary civil or tort case because in such an action he is required to prove the essential cause-in-fact element of his case merely by a preponderance of the evidence, i.e., by proof that leads the trier of the facts to find that the existence of the contested fact is more probable than its nonexistence. Furthermore, a defendant takes his victim as he finds him; when the defendant's tortious conduct aggravates a pre-existing injury or condition, he must compensate the victim for the full extent of this aggravation. And, as a corollary rule, the defendant is liable for the aggravation during treatment of plaintiff's injuries, even where such aggravation is due to the negligence of another, so long as plaintiff exercised reasonable care in selecting those in whose care he placed himself.
Accordingly, at the conclusion of this decision we remand the case to the Court of Appeal for a de novo consideration of the *1004 evidence and the rendition of a judgment awarding damages to plaintiffs consistently with the findings of fact and statement of legal principles contained in this opinion. As part of this assignment, the Court of Appeal is also required to adjudicate the contested issues of exemplary damages and loss of consortium based upon its de novo review of the record, as these questions although fully tried were pretermitted below.

Facts
Prior to the accident, the plaintiff, Jack Lasha, worked for about seven years as a truck driver for DSI Transport, Inc. Lasha underwent annual employment physicals as required by the Department of Transportation and was given a clean bill of health each year. He was a heavy smoker and had experienced run of the mill upper respiratory problems such as bronchitis and sinusitis. But he had not been disabled by these ailments, and he had not been diagnosed as having chronic bronchitis, clinical asthma or depression. Nor had Lasha displayed the characteristics of a malingerer. In fact, he had returned to work with alacrity after undergoing a serious back operation.
While unloading Lasha's truck at Olin Corporation's chemical complex in Lake Charles on February 6, 1988, Lasha and Olin employee Rodney Bimle were exposed to chlorine gas which had been released because of a malfunction at the plant. Both were treated for chlorine inhalation with oxygen, cough syrup, and throat lozenges at the first aid facility at Olin. After this treatment, Lasha continued his duties and drove home. Olin's first aid attendant instructed Lasha to consult a physician if his symptoms did not improve within three days. Lasha missed work the next day and went to work on February 8th and 9th with the aid of borrowed pain pills. On February 10, 1988 he consulted his physician who referred him to a pulmonologist. Thereafter, the plaintiff saw numerous physicians for respiratory and psychological problems.
Lasha filed suit against Olin Corporation for damages suffered from exposure to the chlorine gas. He further urged that the actions of the defendant were in wanton and reckless disregard for the safety of the public and demanded exemplary damages. His wife Lillian joined with a claim for loss of consortium. The worker's compensation insurer intervened to recover benefits paid to the plaintiff. During a bench trial, the plaintiff and his physicians testified that the incident at Olin caused him to suffer from aggravated and disabling bronchitis, asthma, and depression. The defendants acknowledged that Lasha was exposed to chlorine gas as a result of a malfunction at their plant. However, the defendants argued that Lasha's health problems were not causally related to this incident but were attributable to his heavy smoking and his tendency towards hypochondria. Further, they contended that his depression resulted from negligent over medication by Lasha's physicians.
The trial court concluded that the plaintiffs failed to prove the cause-in-fact element of their case because they did not demonstrate by a "reasonable medical certainty" that the chlorine exposure caused Lasha's injury or disability. Moreover, the trial court added that the over medication of Lasha by his own doctors had exacerbated a tendency to depression and hypochondria which probably was disabling to him. Finally, the trial court buttressed its determination that the chlorine exposure did not cause compensable injury to Lasha by the fact that Bimle, the Olin plant worker near Lasha at the time of the accident, did not miss work or suffer health problems; thus, the trial court apparently assumed that because Lasha was especially predisposed or vulnerable to illness or injury because of his preexisting respiratory conditions, the defendant was not liable for the harm it caused because a normal person under the same circumstances would not have suffered illness or injury.
We conclude that the trial court committed an error of law by applying the incorrect standard of persuasion. After reviewing the record, we find that the plaintiffs proved by a preponderance of the evidence that Lasha's exposure to and inhalation of chlorine gas due to Olin Corporation's fault or defective equipment was a cause in fact of injury to Lasha that aggravated his bronchitis and asthma, which in turn triggered his condition of mental or emotional depression. The trial *1005 court also erred in overlooking, or misapplying the rules of law that require the defendant to take the victim as he finds him and to be responsible for aggravation during treatment of plaintiff's injuries, so long as plaintiff exercised reasonable care in placing himself for treatment. The Court of Appeal, with one judge dissenting, affirmed and perpetuated these errors of law. Lasha v. Olin Corp., 607 So.2d 20 (La.App.3d Cir.1992).

I.
In Louisiana tort cases and other ordinary civil actions, the plaintiff, in general, has the burden of proving every essential element of his case, including the cause-in-fact of damage, by a preponderance of the evidence, not by some artificially created greater standard. Jordan v. Travelers Insurance Company, 245 So.2d 151 (La.1971); See Prosser, Torts, § 41, p. 269 (5th ed. 1984); 2 McCormick, Evidence, § 339 (4th ed. 1992); 9 Wigmore, Evidence, §§ 2497, 2498 (3d ed. 1940). Proof by direct or circumstantial evidence is sufficient to constitute a preponderance, when, taking the evidence as a whole, such proof shows that the fact or causation sought to be proved is more probable than not. Jordan v. Travelers Insurance Company, 245 So.2d at 155; See Town of Slidell v. Temple, 246 La. 137, 164 So.2d 276 (1964); Naquin v. Marquette Casualty Co., 244 La. 569, 153 So.2d 395 (1963); Perkins v. Texas and New Orleans Railroad Co., 243 La. 829, 147 So.2d 646 (1962). See also: Sanders, The Anatomy of Proof in Civil Actions, 28 La.L.Rev. 297 (1968); James, Civil Procedure, Section 7.6 at pp. 250-51 (1965); Prosser on Torts, Section 41 at pp. 245-46 (3d ed., 1964); McCormick on Evidence, Section 319 at pp. 676-77 (1954); Malone, Louisiana Workmen's Compensation, Section 252 at pp. 293-294 (1951).
When the term "reasonable medical certainty" is used to describe the measure of persuasion in a tort case, it produces harmful error in two respects. First, it places upon the plaintiff a higher degree of proof than is required in the ordinary civil case. Arceneaux v. Domingue, 365 So.2d 1330, 1336 (La. 1979); Carpenter v. Nelson, 101 N.W.2d 918 (Minn.1960); Colbert v. Borland, 147 Cal. App.2d 704, 306 P.2d 53 (Cal.App.3d 1957); Botta v. Brunner, 26 N.J. 82, 138 A.2d 713 (N.J.1958); Bengston v. Estes, 260 Wis. 595, 51 N.W.2d 539 (Wis.1952). To require plaintiff to prove defendant's negligence, for example, to "a reasonable certainty" is to require him to prove it to such degree as to leave no reasonable doubt, which is equivalent to saying that he must prove it beyond a reasonable doubt. Hashimoto v. Marathon Pipe Line Co., 767 P.2d 158, 165 (Wyo.1989); McElroy v. Luster, 254 S.W.2d 893 (CCA Tex.1953). Second, because the word "medical" is susceptible of being construed as referring only to expert medical testimony, the use of the phrase "reasonable medical certainty" tends to preclude the trier of the facts from considering evidence other than that of expert medical witnesses. While expert medical evidence is sometimes essential, it is self-evident that, as a general rule, whether the defendant's fault, was a cause in fact of a plaintiff's personal injury or damage may be proved by other direct or circumstantial evidence. Jordan v. Travelers Ins. Co., 245 So.2d at 155; See Prosser, Torts, § 41, p. 269 (5th ed. 1984) ("Where the conclusion is not one within common knowledge, expert testimony may provide a sufficient basis for it, but in the absence of such testimony it may not be drawn. But on medical matters within common knowledge, no expert testimony is required to permit a conclusion as to causation.") (Footnotes citing authorities omitted.) cf. Carpenter v. Nelson, 101 N.W.2d at 922, and authorities cited therein.

II.
The defendant's liability for damages is not mitigated by the fact that the plaintiff's pre-existing physical infirmity was responsible in part for the consequences of the plaintiff's injury by the defendant. It is clear that a defendant takes his victim as he finds him and is responsible for all natural and probable consequences of his tortious conduct. Perniciaro v. Brinch, 384 So.2d 392, 395 (La.1980); Sansonni v. Jefferson Parish School Board, 344 So.2d 42 (La.App. 4th Cir.1977); Deville v. United States Fidelity & Guaranty Company, 258 So.2d 694 (La.App. 3d Cir.1972); Dufrene v. Miller, 266 *1006 So.2d 462 (La.App. 4th Cir.1972); Rachal v. Bankers and Shippers Insurance Company, 146 So.2d 426 (La.App.3d Cir.1962); see also Johnston v. Ford Motor Co., 443 F.Supp. 870 (E.D.La.1978). The record is clear that the plaintiff was especially predisposed or vulnerable to respiratory illness or injury due to years of heavy smoking. The defendant is liable for the harm it causes even though under the same circumstances a normal person would not have suffered that illness or injury. When the defendant's tortious conduct aggravates a pre-existing condition, the defendant must compensate the victim for the full extent of the aggravation. American Motorist v. American Rent-All, 579 So.2d 429 (La.1991); Walton v. William Wolf Baking Company, Inc., 406 So.2d 168 (La.1981); Perniciaro v. Brinch, 384 So.2d 392 (La. 1980); Reck v. Stevens, 373 So.2d 498 (La. 1979).

III.
A tortfeasor is liable not only for the injuries which he causes directly to the tort victim, but also for additional suffering caused by inappropriate medical treatment. Weber v. Charity Hospital of Louisiana, 475 So.2d 1047 (La.1985); Berger v. Fireman's Fund Insurance Co., 305 So.2d 724 (La.App. 4th Cir.1974); Hillebrandt v. Holsum Bakeries, Inc., 267 So.2d 608 (La.App. 4th Cir 1972); Hudgens v. Mayeaux, 143 So.2d 606 (La.App. 3rd Cir.1962); Restatement (Second) of Torts § 457 (1965). In determining that the defendant was not liable for Lasha's disabling injury, the trial court concluded that over-medication of Lasha by his own doctors had exacerbated a tendency to depression and hypochondria which was disabling to him. The proper rule is that the defendant is liable for the aggravation during treatment of plaintiff's injuries, even where such aggravation is due to the negligence of another, so long as plaintiff exercised reasonable care in selecting those in whose care he placed himself. Id. See also Prosser, Torts, § 44, p. 309 (5th ed. 1984). As there is no evidence that Lasha was at fault in placing himself in the physicians' care, the trial court committed legal error in denying plaintiff recovery from the defendant based on the theory that Lasha's depression was caused by over-medication.

Conclusion
The trial court and Court of Appeal did not apply correct principles of law. Instead, they applied an incorrect "reasonable medical certainty" measure of persuasion and disregarded the rules of law that in general hold the defendant responsible for aggravations of plaintiff's medical conditions. It is clear that these errors were prejudicial because they materially affected the outcome and deprived the plaintiffs of substantial rights. When such a prejudicial error of law skews the trial court's finding of a material issue of fact and causes it to pretermit other issues, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining the essential material facts de novo. Rosell v. ESCO, 549 So.2d 840, 844 n. 2 (La.1989); Ragas v. Argonaut Southwest Ins. Co., 388 So.2d 707 (La.1980). In the present case, however, we have already decided de novo the fact that defendant's tortious exposure of Lasha to chlorine gas was a cause in fact of Lasha's injury and disability. Accordingly, we reverse and remand the case to the Court of Appeal for further consideration of the trial record and for a de novo decision on the merits, consistently with the views and findings of fact herein, including the award of damages for Lasha's injuries and disability, the determination of whether plaintiffs are entitled to exemplary and consortium damages, and the grant of any relief required by law and in accord with this opinion.
REVERSED AND REMANDED TO THE COURT OF APPEAL.
NOTES
[*] Hall, J. not on panel. Rule IV, Part 2, § 3.