[.CLARENCE E. McMANUS, Judge.
Defendants, Hope Wood and Imperial Fire and Casualty Insurance Company, appeal from a judgment finding them one hundred percent liable for damages sustained by plaintiff, Paul Sciortino, Jr., in an automobile accident. We affirm.

FACTS AND PROCEDURAL HISTORY

Plaintiffs petition for damages alleges that on July 19, 1999 at 6:34 a.m. plaintiff, Paul Sciortino, was driving his 1997 Ford Taurus on 1-310 in St. Charles Parish when a 1996 Plymouth Neon operated by defendant, Hope Wood, struck the left side of his car. Thereafter, plaintiff filed this *477 suit against defendant, Imperial Fire and Casualty Insurance Company and State Farm Insurance Company (in its capacity as the UM insurer) asserting the sole cause of the accident was the negligence of Hope Wood “and/or the unknown blue green pick-up truck which struck the [defendant’s] vehicle.” Plaintiff sought property damages; past, present and future medical expenses and lost wages; pain and suffering and emotional stress and strain. Defendants answered contending the accident was caused by an unknown/phantom driver who struck her car, causing it to hit plaintiffs vehicle.
On October 31, 2001, a judge trial was held before Judge Emile St. Pierre and a judgment was rendered in favor of plaintiff and against Ms. Wood and Imperial. At trial, [ .¡plaintiffs attorney examined St. Charles Parish Sheriffs Office Sergeant Cy Favaloro. Sergeant Favaloro testified that this was a three-car accident but one of the drivers drove away without being identified. He stated that the sheriffs office looked for the hit and run driver but were unable to locate the driver and vehicle, a green colored Chevrolet truck. The Sergeant also testified that Ms. Wood did not inform him that the phantom truck hit her car. Rather, she reported that she swerved to the left and right, lost control of her car, twice collided with plaintiffs car then struck a cement rail. Additionally, Sergeant Favaloro stated that a witness, Paul Yarn, was present at the accident scene and that Ms. Wood was caused to swerve her car because another vehicle cut over on her. It was defendants’ contention that Mr. Yarn witnessed the phantom vehicle hit her car then drive off. However, Mr. Yarn could not be located and did not appear to testify at trial. Ms. Wood testified that the phantom vehicle “clipped” the front of her car causing her to lose control of it.
The trial judge gave the following oral reasons for judgment:
The burden of proof is proof by a preponderance of the evidence which simply put means proof that makes the claim more probable than not. The evidence adduced by Mr. Sciortino’s counsel has met that burden of proof that makes the claim more probable then not that the injuries ... caused to Mr. Sciortino were caused by the impact caused by Ms. Wood. I understand that in all likelihood there is a possibility that there was this other vehicle. I don’t see where it was corroborated by anything other than Ms. Wood’s testimony. I am not saying it didn’t happen. I also don’t think that they have met their burden in that regal’d.
Thereafter, the trial judge entered the following judgment:
It is ordered that there be judgment in favor plaintiff and against defendants, the Court finding that defendant was the sole cause of the accident of July 19, 1999. The Court further assesses plaintiffs general damages to be two thousand five hundred ($2,500.00) dollars, and his special damages to be one thousand eight hundred sixty-four ($1,864.41) dollars and 41/100 cents, caused by the accident of July 19, 1999, all to be paid by defendant, along with legal interest from the date of judicial demand and all costs of these proceedings.
The Court further renders judgment in favor of defendant/cross-claimant, State Farm Insurance Company, and against defendants in the amount of six thousand one hundred three ($6,103.28) and 28/100 cents for property damage, and four hundred ($400.00) dollars in rental car Rexpenses paid by State Farm in connection with this accident of July 19, 1999.
*478 Defendants, Hope Wood and her insurer, Imperial Fire and Casualty Insurance Company, appeal the trial court’s judgment contending the trial court committed error in not allowing Sergeant Cy Favalo-ro to testify more completely at trial relative to the statements of the eyewitness; committed error in finding that the plaintiff met his burden of proof against Wood and Imperial; that Ms. Wood’s testimony was not corroborated by Sergeant Favalo-ro; that the accident was solely or comparatively caused by the hit and run vehicle; that Ms. Wood was the sole cause of the accident; in dismissing plaintiffs claims against State Farm in its capacity as plaintiffs UM carrier; and finding that the plaintiff failed to allege in his pleadings that the hit and run vehicle was the cause of his damages.

DISCUSSION

The plaintiff seeking damages in a civil action must prove each element of his claim by a preponderance of the evidence. Lasha v. Olin Corp., 625 So.2d 1002 (La. 1993). Our review of the case before us is governed by the manifest error standard. It is well settled that a court of appeal may not set aside a trial court’s factual findings in the absence of manifest error or unless such findings are clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
The trial court found that plaintiff proved his case by a preponderance of the evidence. Contrary to the defendants’ argument on appeal, that this accident was not solely caused by Hope Wood, the evidence does not establish that a phantom, or unidentified, vehicle hit Ms. Wood’s car causing her to strike plaintiffs vehicle. Ms. Wood testified that the vehicle that clipped her car was a green pick-up truck. However, she was unable to obtain a license plate number for the vehicle. Moreover, Ms. Wood was unable to produce an independent and disinterested witness to corroborate her version of the accident. Additionally, for some unknown reason, the police report does not reflect Ms. Wood’s contention that an unknown vehicle caused her to lose control of |sher vehicle. After a review of the entire record, we find no manifest error in the trial court’s findings in this case. Therefore, the trial court judgment is affirmed.
Defendants assert that Sergeant Favaloro should have been allowed to testify more fully about his conversation with the witness, Paul Yarn, which spawned an investigation to locate the phantom vehicle. Despite defendants’ protestations that the testimony sought from Sergeant Favaloro is not hearsay, defendants have not convinced us that any hearsay statements offered were not offered to prove the truth of the matter asserted that Mr. Yarn saw the hit and run driver cause the accident then flee the scene. Sergeant Favaloro was allowed to testify that his interviews with everyone at the scene caused him to issue a search for the phantom driver. However, any verbal exchanges taking place with Mr. Yarn detailing what Mr. Yarn observed are classic inadmissible hearsay statements. Further, the admission of those statements becomes even more troublesome due to the fact that the declarant was unavailable to testify and be cross-examined.
In view of our holding that the trial court did not commit manifest error, the remaining assignments of error need not be addressed.

CONCLUSION

For the reasons discussed, we affirm the judgment of the trial court.
AFFIRMED.