CHATELAIN,
Judge Pro Tempore, concurring.
|J agree with the results of the majority opinion. However, I concur to further elaborate on two aspects of this case: the award of sole custody and the discussion of corporal punishment.
Generally, in civil cases, a party who has the burden of proof must prove the fact in issue by a preponderance of the evidence and “not by some artificially created greater standard.” Lasha v. Olin Corp., 625 So.2d 1002, 1005 (La.1993); Jordan v. Travelers Ins. Co., 257 La. 995, 1008, 245 So.2d 151, 155 (1971); 2 McCormick on EvidenCE § 339, at 421 (5th ed.1999). Only in exceptional controversies is the clear and convincing standard applied in civil cases “where there is thought to be special danger of deception, or where the court considers that the particular type of claim should be disfavored on policy grounds.” Succession of Lyons, 452 So.2d 1161, 1165 (La.1984) (quoting McCormiok on Evidence § 340(b), p. 798 (2d ed.1972)). “The clear and convincing standard requires a party to prove the existence of a contested fact is highly probable, or much more probable than its non-existence. MoCormick [on EvidenCE § 339, at 421 (5th ed.1999) ]; Succession of Lyons, 452 So.2d at 1165.” Talbot v. Talbot, 03-814, pp. 9-10 (La.12/12/03), 864 So.2d 590, 598.
Against that background, the Legislature provided in La.Civ.Code art. 132 that “if custody in one parent is shown by clear and convincing evidence to serve the best | interest of the child, the court shall award custody to that parent.” (Emphasis added). Even though there is a rebuttable presumption that joint custody is in the best interest of the child, a requisite element in any joint custody arrangement is that the spouses be able to set aside then-differences and cooperate to carry out a joint custody plan. See Turner v. Turner, 455 So.2d 1374 (La.1984). In its thorough examination of the best interest of this child, the majority opinion exposes a record replete with facts which establish clear and convincing evidence that a joint custody plan would not be workable and that the award of sole custody to Resa is mandated.
*402 I also write separately to elaborate and underscore that although Louisiana permits a parent to use corporal punishment to discipline a child, it must be done in a reasonable manner. See La.Civ.Code art. 218; La. R.S. 14:18(4). In Mason v. Hadnot, 08-2015 (La.App. 1 Cir. 2/13/09), 6 So.3d 256, the case relied upon in the majority opinion, a mother was found not to be in contempt of court for denying scheduled visitation to the father. The basis for that finding was that the father spanked his twelve-year-old daughter ten to fifteen times with a belt because she lied to him about having her cell phone with her during their three previous visitations.[1]
In stark contrast to those facts, the trial court in the present case found no merit to Bradley’s contention that “Resa and her father physically abused Cole by spanking laCole approximately eleven months before he filed suit.” At best, the trial court found Bradley was able to produce evidence that, “on occasion, Resa used corporal punishment on Cole that left small bruises.” Griffith v. Latiolais, 09-824, p. 28 (La.App. 3 Cir. 3/03/10), 32 So.3d 380, 398.
When I compare the nebulous nature of the alleged corporal punishment in the present case to that proven in Mason, it is clear that the trial court did not have to reach the issue of whether it was necessary to prohibit corporal punishment. Clearly, the majority properly reverses that portion of the trial court judgment.

. Moreover, as described in Mason, 6 So.3d at 259-60:
According to [the mother], [the minor child] stated, "It happened, Mommy.” [The minor child] continued, "He beat me like he said he would.” [The minor child] explained that during the drive to Houston the previous night, her father had told her what was going to happen and asked her if she was scared. [The minor child] told her mother that she was anticipating it the entire drive, but that nothing happened that night when they arrived at her father’s home. Rather, she described being awakened the following morning by her father whipping her with a belt. [The minor child] stated that "it was hurting” and that she “kept asking him to stop.”