EDWIN A. LOMBARD, Judge.
 

 hThe
 
 pro se
 
 plaintiff, De Rome A. Seals, appeals the trial court judgment dismissing his claim against defendant, Tommy Thurmond d/b/a Banks Street Service Station, following a bench trial in this matter. For the following reasons, we affirm.
 

 Relevant Facts and Procedural History
 

 In October 2008, at the plaintiffs request, the defendant (a mechanic previously used by the plaintiff) towed the plaintiffs 1987 Mercedes 560 back to his shop to determine why the vehicle was inoperable. The defendant dismantled part of the engine and diagnosed the problem as a broken timing chain. The defendant informed the plaintiff that the engine could not be fixed and suggested that he bring the vehicle to a Mercedes dealership. Thereafter, the plaintiff towed the vehicle away, still partially dismantled from the diagnostic check. The plaintiff filed the present action alleging: (1) the defendant breached their oral agreement by dismantling the engine and leaving it unassem-bled, and (2) the defendant damaged the engine during the diagnostic check. The plaintiff sought approximately $50,000.00 for the installation of a re-manufactured engine.
 
 [1]
 
 The |2defendant filed a reconven-tional demand seeking $325.00 for the cost of the first towing and the diagnostic check, which the plaintiff never paid.
 

 After a trial of the matter on November 11, 2009, the trial court denied recovery on
 
 *324
 
 all claims and the plaintiff timely filed this devolutive appeal
 

 Standard of Review
 

 The factual findings made by the trier of fact are entitled
 
 to great
 
 weight
 
 on
 
 appellate review.
 
 Rosell v. ESCO,
 
 549 So.2d 840, 844 (La.1989). Accordingly, appellate courts utilize the manifest error or clearly wrong standard of review.
 
 Rosell v. ESCO,
 
 549 So.2d at 844. Reviewing and reversing the factfinder’s determinations involves a two-part test developed by the Louisiana Supreme Court.
 
 Mart v. Hill,
 
 505 So.2d 1120, 1127 (La.1987). If no reasonable factual basis exists for the trial court’s findings, then the findings are wrong or “manifestly erroneous” according to the record.
 
 Id.
 
 To determine whether the factfinder was clearly wrong, the reviewing court must examine the entire record.
 
 Stobart v. State, Through Dept. of Transp. and Dev.,
 
 617 So.2d 880, 882 (La.1993). Trial courts are in a better position to evaluate live witnesses and determine credibility.
 
 Canter v. Koehring Co.,
 
 283 So.2d 716, 724 (La.1973). “[T]he appellate court must determine if the factfinder’s decision was a reasonable one.”
 
 Norfleet v. Lifeguard Transp. Serv., Inc.,
 
 2005-0501, p. 5 (La.App. 4 Cir. 5/17/06), 934 So.2d 846, 852. “[W]here two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.”
 
 Stobart,
 
 617 So.2d at 883.
 

 Discussion
 

 Pursuant to Rule 2-12.4 of the Uniform Rules-Courts of Appeal, an appellant’s brief must include, among other things, “a concise statement of the | ¡¡case, the ruling or action of the trial court thereon, a specification or assignment of alleged errors relied upon, the issues presented for review, an argument confined strictly to the issues of the case free from unnecessary repetition, giving accurate citations of the pages of the record and the authorities cited and a short conclusion stating the precise relief sought.” Rule 2-12.4 further provides that “[a]ll specifications or assignments of error must be briefed,” and if they are not briefed, “[t]he court may consider as abandoned any specification or assignment of error which has not been briefed.”
 

 In the instant case, however, the plaintiffs
 
 pro se
 
 brief does not meet the requirements of Rule 2-12.4. Specifically, the plaintiff assigns as “alleged errors” the trial court’s dismissal of his claim: (1) without citing or applying any laws, statutes, or precedents; (2) without considering the evidence presented at trial; and (3) without considering the testimony of the expert witness, but does not brief these alleged errors. Because the plaintiff is representing himself, we examine the record in light of the applicable law.
 

 It is well settled that in a civil case the plaintiff has the burden of proving his case by a preponderance of the evidence.
 
 Lasha v. Olin Corp.
 
 625 So.2d 1002, 1005 (La.1993). In this case, the plaintiff failed to prove by a preponderance of the evidence that the defendant caused any damage to his vehicle’s engine. At trial the plaintiff admitted that he authorized the defendant to tow the vehicle and to conduct a diagnostic check. The plaintiff conceded that he understood it was necessary to take off some engine parts on his Mercedes in order to do a diagnostic check, but asserted that he did not authorize dismantling the engine and that crack in the engine block was caused by the defendant. In support of his claim, the plaintiff presented an estimate for the cost of a new engine from Mercedes Benz of |4New Orleans in the amount of $46,803.83, and a separate estimate for labor in the amount of $2001.00.
 

 
 *325
 
 The plaintiff called as his expert witness, Reginald Kennie, a mechanic who examined photographs
 
 [2]
 
 taken of the Mercedes’ engine but did not examine the vehicle. Mr. Kennie testified that it was not necessary to dismantle the engine to diagnose a timing chain problem and further stated that the engine could have been put back together and returned to the plaintiff. He estimated that most mechanics would charge between two and three hundred dollars to reassemble the engine, about the same as the cost to take the engine apart. However, Mr. Kennie also testified that the photographs showed a crack in the front of the engine block that he thought could not be repaired. Mr. Kennie stated that he did not know how the crack got there.
 

 The defendant testified that after he ruled out the possibility of a bad fuel filter, he told the plaintiff that the vehicle was going to need a new engine or a new timing chain. The defendant stated that he explained everything to the plaintiff before he did any work and that the plaintiff told him to go ahead and fix it. According to the defendant, he tore the engine down and showed the plaintiff the broken timing chain, at which time the plaintiff told him to leave the vehicle as it was because he wanted to look around for another engine to put in the vehicle. The defendant explained that Seals later returned to retrieve the vehicle. When the defendant asked if he should put the parts back together, the plaintiff said no and towed the vehicle away. The defendant stated that if he were asked to put the vehicle back together, he would have done so.
 

 | .^Regarding his reconventional demand, the defendant testified that he charged seventy-five dollars to tow the vehicle to his shop and two to three hundred dollars for the diagnostic check. He explained that it took him two to three days to break down the engine. It is undisputed that the plaintiff did not pay the defendant for any services rendered.
 

 At the conclusion of the testimony, the trial court concluded that the plaintiffs claim for the unauthorized dismantling of the engine and the defendant’s claim for the towing and diagnostic check were “a wash.”
 

 The record reflects that the plaintiff presented no evidence that the defendant caused the crack in the engine. The plaintiffs expert witness could not say how or when the crack appeared in the engine from looking at the photographs and, although the plaintiff testified that he had several different mechanics look at the vehicle, he failed to identify any of these mechanics. Moreover, the record supports the trial court finding that the plaintiffs claim for unauthorized dismantling of the engine and the defendant’s claim for towing and diagnostic check were similar in value. Accordingly, we find no manifest error in the trial court’s ruling.
 

 Conclusion
 

 For the foregoing reasons, the judgment of the trial court is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . The plaintiff also sought damages for emotional distress, a claim denied by the trial court and not at issue in this appeal.
 

 [2]
 

 . The photographs introduced into evidence in the trial court have not been made a part of the record on appeal.