# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 21-548

HIDDEN GROVE, LLC

VERSUS

RICHARD A. BRAUNS AND LESLIE BRAUNS

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20134910
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

OPINION ON REMAND

**********

**GARY J. ORTEGO**
**JUDGE**

**********

Court composed of Shannon J. Gremillion, Candyce G. Perret, and Gary J. Ortego, Judges.

**AFFIRMED, AND RENDERED, AS AMENDED.**

**Patrick J. Briney**
**Michael Patrick Corry, Sr.**
**Brandon M. Verret**
**Kathryn T. Love**
**Briney & Foret**
**P. O. Drawer 51367**
**Lafayette, LA 70505-1367**
**(337) 237-4070**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Leslie Brauns**
    **Richard A. Brauns**

**Gerald Charles deLaunay**
**Attorney at Law**
**P. O. Box 53597**
**Lafayette, LA 70505-2594**
**(337) 237-8500**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Hidden Grove, LLC**
    **Gerald Millard Gossen, Jr.**
    **Jeffrey Mark Gossen**

**James Lawrence Bullen**
**Lauren L. Gardner**
**Bullen & Plauche**
**130 S. Audubon Blvd., #102**
**Lafayette, LA 70501**
**(337) 237-5900**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Leslie Brauns**
    **Richard A. Brauns**

**Scott M. Richard**
**Broussard & David**
**557 Jefferson Street**
**Lafayette, LA 70502-3524**
**(337) 233-2323**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Leslie Brauns**
    **Richard A. Brauns**

**ORTEGO, Judge.**

This is a case where a developer of a subdivision filed suit against the purchasers of a lot, who also acquired a right of first refusal on two adjacent lots. The developer requests specific performance by the purchasers for their breach of contract. Alternatively, the developer alleges damages due to the purchasers' trespass on the adjacent lots and/or unjust enrichment for the purchasers' excavation of the soil from the adjacent lots. After finding no basis for the developer's breach of contract or trespass claims, the trial court awarded the developer damages under the theory of unjust enrichment. This appellate court reversed the trial court's award of damages under unjust enrichment but affirmed the trial court's denial of damages under breach of contract or trespass. After granting writs, the supreme court agreed that the purchasers were not trespassers. However, the supreme court found that the developer's failure to obtain a written agreement regarding the purchasers' excavation of lots did not preclude a claim for unjust enrichment. Thus, the case was remanded to this appellate court.

### FACTS AND PROCEDURAL HISTORY

This case arises out of the excavation of a lot located in The Grove Subdivision in Lafayette, Louisiana, by Richard and Lisa Brauns (the Brauns). The Brauns constructed their family home on Lot 14 of The Grove Subdivision. They purchased Lot 14 from a third party not involved in this litigation on August 30, 2011.

On August 31, 2011, the Brauns purchased Lot 15 from Hidden Grove, LLC (Hidden Grove), the developer of the subdivision, and were given a right of first refusal on Lots 16 and 17. The surface elevations of Lots 16 and 17 were substantially higher than that of Lot 14, where their family home was to be located.

The Brauns intended to construct a swimming pool on Lot 15, they sought to lower the elevation of Lots 16 and 17 due to privacy concerns to match the elevations of the lots they purchased.

Hidden Grove agreed the Brauns could excavate Lots 16 and 17 to protect their privacy, but the Brauns would have to pay for the excavation. Prior to any written agreement between the parties, excavation began on January 28, 2013, with permission, given orally, by Hidden Grove.

As the excavation was near completion, disputes arose between the parties. One dispute was whether the Brauns provided any engineering plans to Hidden Grove. Another was whether those engineering plans called for the Brauns to construct a retaining wall on Lots 16 and 17.

According to the Brauns, in July 2013, a member of Hidden Grove told Mr. Brauns to get off Lot 16 when that member discovered that the Brauns had no intent to construct a retaining wall on Lots 16 and 17. It was at this point that the Brauns ceased the excavation. Thereafter, on September 25, 2013, Hidden Grove filed suit against the Brauns alleging breach of contract and requesting the specific performance of concluding the excavation and construction of a retaining wall on Lots 16 and 17. The suit was subsequently amended with Hidden Grove alleging, alternatively, that it was entitled to recovery under the theory of trespass and/or unjust enrichment.

This matter was before this court multiple times before the trial.[1] A trial was held beginning on January 21, 2021. After evidence was submitted, the trial court denied Hidden Grove recovery for breach of contract or trespass. However, the trial

---

[1] *See Hidden Grove, LLC v. Brauns*, 17-250 (La.App. 3 Cir. 11/2/17), 261 So.3d 120; *Hidden Grove, LLC v. Brauns*, 19-576 (La.App. 3 Cir. 4/1/20).

court did find that Hidden Grove proved entitlement to recovery under unjust enrichment and rendered judgment in favor of Hidden Grove on that claim.

On appeal, this court, in *Hidden Grove, LLC v. Brauns*, 21-548 (La.App. 3 Cir. 2/9/22), __ So.3d ___, reversed the trial court's judgment finding Hidden Grove entitled to an award for unjust enrichment. Further, it denied Hidden Grove's request for judgment against the Brauns for breach of contract or trespass and pretermitted Hidden Grove's remaining assigned errors.

The Louisiana Supreme court, in *Hidden Grove, LLC v. Brauns*, 22-757 (La. 1/27/23), 356 So.3d 974, reversed this court finding that Hidden Grove's failure to obtain a written agreement regarding the Brauns' excavation did not preclude a claim for unjust enrichment. Further, the supreme court agreed that the Brauns were not trespassers. Finally, the supreme court remanded this case to this court for consideration of Hidden Grove's pretermitted remaining assigned errors.

## ASSIGNMENTS OF ERROR

1. The trial court erred as a matter of law in holding Hidden Grove was entitled to the remedy of unjust enrichment because it could not prove its breach of contract or trespass claims, the fifth essential element of an unjust enrichment claim.

2. The trial court erred as a matter of law in failing to recognize Hidden Grove failed to prove the fourth essential element of a cause of action for unjust enrichment.

3. The trial court committed manifest error in holding Hidden Grove "did not agree nor approve that engineering modification of lot 16."

4. The trial court committed manifest error in holding Hidden Grove had been impoverished and the Brauns enriched.

# LAW AND DISCUSSION

*Standard of Review*

In *Jim Walter Homes, Inc. v. Jessen*, 98-1685, pp. 4-5 (La.App. 3 Cir. 3/31/99), 732 So.2d 699, 702, this court stated:

> Our Supreme Court has recently reiterated the standard of review on appeal in *Syrie v. Schilhab*, 96-1027, p. 4 (La.5/20/97); 693 So.2d 1173, 1176 (citations omitted) as follows:
>
> > A court of appeal may not set aside a trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." This court has announced a two-part test for the reversal of the factfinder's determinations: (1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). The issue to be resolved by the reviewing court is not whether the trier of fact is right or wrong but whether the factfinder's conclusion was a reasonable one. . . . The reviewing court must always keep in mind that if the trial court's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as trier of fact, it would have weighed the evidence differently.
>
> In the present case, [Appellant] urges that another standard of review is applicable in this case wherein its assignments of error assert that the trial court made reversible errors of law. Appellate review of a question of law is simply a decision as to whether the lower court's decision is legally correct or incorrect. *Ducote v. City of Alexandria*, 95-1269 (La.App. 3 Cir. 7/17/96); 677 So.2d 1118. If the trial court's decision was based on its erroneous application of law, rather than on a valid exercise of discretion, the trial court's decision is not entitled to deference by the reviewing court. *Kem Search, Inc. v. Sheffield*, 434 So.2d 1067 (La.1983). In fact, when an appellate court finds that a reversible error of law or manifest error of material fact was made in the lower court, it must redetermine the facts de novo from the entire record and render a judgment on the merits. *Rosell v. ESCO*, 549 So.2d 840 (La.1989); *Lasha v. Olin Corp.*, 625 So.2d 1002 (La.1993).

4

*I. Unjust Enrichment – No Other Remedy Available*

The Brauns' first assigned error is that the trial court erred, as a matter of law, in holding Hidden Grove was entitled to the remedy of unjust enrichment because it could not prove its breach of contract or trespass claims, the fifth essential element of an unjust enrichment claim.

Louisiana Civil Code article 2298 states:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.
>
> The amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less.
>
> The extent of the enrichment or impoverishment is measured as of the time the suit is brought or, according to the circumstances, as of the time the judgment is rendered.

This court, in *Moroux v. Toce*, 06-831, 06-832, p. 15 (La.App. 3 Cir 11/2/06), 943 So.2d 1263, 1273, *writ denied*, 07-117 (La. 3/16/07), 952 So.2d 698, iterated the five elements of an unjust enrichment claim as follows:

> A party seeking to recover pursuant to the theory of unjust enrichment bears the burden of proving five elements:
>
> (1) an enrichment of the defendant;
>
> (2) an impoverishment of the plaintiff;
>
> (3) causation between the enrichment and the impoverishment;
>
> (4) an absence of justification or cause for either the enrichment or the impoverishment; and
>
> (5) no other remedy available at law.

The Brauns argue that Hidden Grove had "no other remedy available at law" simply because Hidden Grove could not prove its breach of contract or trespass

claims. *Id.* Hidden Grove counters that there was no contract remedy because the trial court found that there was no meeting of the minds between the parties, and no trespass remedy because the Brauns had consent to be on Lots 16 and 17. Therefore, according to Hidden Grove, the trial court correctly found that it met the fifth criteria for unjust enrichment, "no other remedy available at law," not simply because the two other proposed theories failed, but because the two other theories of recovery never existed.

On a previous appeal, a panel of this court found that the trial court erred in finding that Hidden Grove proved the "no other remedy available at law" element to an unjust enrichment claim. *Hidden Grove, LLC v. Brauns*, 21-548 (La.App. 3 Cir. 2/9/22), __ So.3d ___. That panel based its finding on its view of La.Civ.Code art. 2298 and jurisprudence interpreting the article 2298 to require a court looking to the reasonableness and prudence of the actions or inactions of the specific parties in the case in deliberating whether one proves "no other remedy available at law." Next, that panel found Hidden Grove's failure to act reasonably or prudently prevented it from the protections of unjust enrichment because it failed to show "no other remedy available at law."

The Louisiana Supreme Court granted writs on that previous appeal. It found that Hidden Grove abandoned its contract claim. See *Hidden Grove*, 356 So.3d 974. Further the supreme court agreed with both the trial and appellate courts that the Brauns could not be considered trespassers under the facts of this case. However, the supreme court reversed that panel on the issue of "no other remedy at law" finding legal error in "the inquiry into whether another remedy exists requires that the parties have acted in a preventive manner as 'reasonable and prudent' persons." *Id.* 979. The supreme court went on to find that "Hidden Grove successfully proved the 'no other remedy at law' element of enrichment without cause." *Id*, 980.

6

Accordingly, we are directed to find no merit to the Brauns' first assigned error.

### III. *Unjust Enrichment - Absence of Justification or Cause* and

### *Unjust Enrichment – Impoverishment and Enrichment*

In their second assignment of error, the Brauns allege that the trial court erred, as a matter of law, in failing to recognize that Hidden Grove did not prove the fourth essential element of a cause of action for unjust enrichment. The fourth essential element is "an absence of justification or cause for either the enrichment or the impoverishment." M*oroux*, 943 So.2d at 1273. In their fourth assigned error, the Brauns assert that the trial court committed manifest error in holding that Hidden Grove had been impoverished and the Brauns enriched. In that these two assignments of errors and issues are so intertwined, we will address them together.

As stated above, on a previous appeal, a panel of this court pretermitted the issue of Hidden Grove's impoverishment and the Brauns' enrichment. The Louisiana Supreme Court, without expressing an opinion on the merits, remanded this matter to consider "whether and to what extent Hidden Grove was improvised and the Brauns were enriched by the actions at issue in this case." *Hidden Grove*, 356 So.3d 974.

The Brauns argue that the justification for lowering the elevation of Lot 16 was to protect their privacy. While privacy protection may have resulted from the excavation on Lot 16, there is no evidence that achieving this goal via reducing the buildable area of Lot 16 was necessarily the only way this could be accomplished.

Hidden Grove presented evidence to the trial court that the excavation of Lot 16 created a ledge between Lots 15 and 16 and that the slope placed along the rear of Lot 16 substantially reduced the building area of Lot 16. The lots exist for the

purpose of home-building by purchasers. Hidden Grove also presented evidence to the court that Lot 16 was damaged and will have to be rehabilitated.

As to Lot 15, the trial court was presented with evidence that the Brauns benefitted by receiving a reduced price of $100,000 from $130,000.00 for Lot 15. Further, the Brauns benefitted by reducing the elevation of Lot 16. Finally, while there is no evidence of the actual value of the soil the Brauns removed via excavation, that soil is also a basis for the trial court's finding a benefit and enrichment to the Brauns. Thus, the record establishes that the Brauns were enriched by $30,000.00.

As to Lot 16, Dominique David Maomi, a civil engineer, was accepted as an expert witness for appellants. Mr. Maomi provided expert testimony as to two options to restore Hidden Grove's Lot 16: (1) to build a retaining wall along the rear of Lot 16 and a partial retaining wall between Lots 15 and 16 at an estimated cost of $103,302.00; or (2) to place fill dirt on Lot 16 and build the retaining wall along the common line between Lot 15 and 16 at an estimated cost of $53,600.00. Thus, providing proof of an impoverishment to Hidden Grove as to Lot 16 of $53,600.00.

The Brauns presented Mike Guidry, a civil engineer, who was accepted as an expert witness by the trial court. Mr. Guidry testified that in his opinion, there was no impoverishment to Hidden Grove or enrichment to the Brauns. Mr. Guidry further testified that the Brauns had in fact done Hidden Grove a "favor" as to their pre-excavation elevation work on Lot 16.

The trial court found that the building of the slope on Lot 16 reduced the buildable area of the lot, the purpose of the land, and that Hidden Grove did not agree or approve that modification of Lot 16. As such, the trial court found that the Brauns were enriched, and Hidden Grove was impoverished. Additionally, the trial court found no justification for the enrichment of the Brauns or the impoverishment of

Hidden Grove. We are presented with no argument or evidence that necessitates reversing that finding.

The trial court, as the trier of fact, heard the conflicting evidence, including the testimonies of both parties' experts, as to the issue of Hidden Grove's impoverishment and the Brauns' enrichment, and found the testimony of Hidden Grove's witness more credible, rejecting the contrary testimony of the Brauns' witness. We find a review of the record shows the trial court's determination was a reasonable determination regarding the fact that an enrichment to the Brauns of $30,000.00, and impoverishment to Hidden Grove of $53,600.00 transpired, as these findings are supported by the evidence. Thus, the trial court was not manifestly erroneous in finding that unjust enrichment was warranted in this matter. As such, this assignment of error lacks merit.

However, we are directed by La.Civ.Code art. 2298 (emphasis added) which states, in pertinent part, "[T]he amount of compensation due is measured by the extent to which one has been enriched *or* the other has been impoverished, *whichever is less*," to amend the trial court's award to Hidden Grove of $53,600.00 to $30,000.00. Here that amount of unjust enrichment is $30,000.00.

Given the above, we find no manifest error in the trial court's finding that the Brauns were enriched, and Hidden Grove impoverished by the excavation of Lot 16. However, La. Civ.Code art. 2298 dictates that we are to amend the award for Hidden Grove's unjust enrichment claim, as to Lot 16, from $53,600.00 to $30,000.00.

IV. *Agreement or Approval of Modification of Lot 16*

In their third assignment of error, the Brauns assert that the trial court committed manifest error in holding that Hidden Grove "did not agree nor approve that engineering modification of lot 16." According to the Brauns, there is no

9

evidence supporting the trial court's finding that Hidden Grove neither approved nor agreed that they could modify Lot 16.

This argument made by the Brauns ignores the context defining what "that engineering modification" entails. "That engineering modification" involves reducing the buildable area of Lot 16. While it is uncontradicted that Hidden Grove approved *an* excavation of Lot 16, there is no evidence in the record that Hidden Grove approved *the* excavation that resulted in reducing the buildable area available on Lot 16. Jonathan Burke, a member of Hidden Grove, was asked: "Prior to the excavation being done, did you ever receive any engineering drawings or plans?" He answered, "No. We did not receive any engineering drawings or anything of what he was going to do to the site."

The trial court was presented with ample evidence that rendered reasonable its finding of fact that Hidden Grove did not approve or agree that the Brauns could modify Lot 16 in the fashion that they did. Thus, this assignment lacks merit.

## CONCLUSION/DECREE

Richard and Lisa Brauns raise four assignments of error asserting the trial court erred in granting judgment in favor of Hidden Grove for unjust enrichment and finding that the parties had not agreed to this modification of Lot 16.

Hidden Grove answers the appeal and requests, in the event this court reverses or modifies the trial court's judgment regarding unjust enrichment, that this court grant judgment under breach of contract or trespass.

We find no merit to Richard and Lisa Brauns' assigned errors. As such, we affirm the trial court's judgment finding Hidden Grove, LLC entitled to an award for unjust enrichment. We also amend the trial court award for Hidden Grove's unjust enrichment claim from $53,600.00 to $30,000.00.

These affirmations render Hidden Grove's request for judgment against Richard and Lisa Brauns for breach of contract or trespass moot. We assess all costs of this appeal to Richard and Lisa Brauns.

**AFFIRMED, AND RENDERED, AS AMENDED.**