SEXTON, Judge Pro Tem.
| i Plaintiff, Nick Farone Music Ministry, D/B/A New Beginnings Christian Center (“Farone”), filed suit against the City of Bastrop (“City”) for damages incurred because of the City’s refusal to repair a drainpipe running underneath Farone’s parking lot. The trial judge granted the City’s motion for involuntary dismissal, finding that the pipe is not a public component or public thing and that the City’s refusal to perform further repairs was protected under the discretionary immunity of La. R.S. 9:2798.1. Farone appeals. For the reasons set forth herein, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

FACTS

Farone operated a nonprofit Christian center for children in Bastrop. In 2003, Farone laid a parking lot and driveway next to the ministry building. A natural drain runs under the parking lot. Sometime in the past, the natural drain was enclosed, although it is not clear who enclosed the drain or exactly when it was enclosed. There is a manhole on the adjacent street, North Vine Street, and the drainpipe at issue connects with the City’s storm drain system at that juncture to allow water to be diverted off of North Vine Street. Over the years, the area of the parking lot above the drainpipe has continually eroded and periodically caused caving in of the concrete directly above the pipe. Each time the pipe needed repairing, Mr. Farone alerted the Mayor and the City made repairs to the pipe in 2005, 2006 and 2007. No other parties have made any repairs to, or maintained, the drainpipe at issue other than the City.
In 2008, Mr. Farone contacted the City about the erosion and a growing sinkhole in the parking lot. The photographs in the record reveal an extremely large sinkhole or crater. The Mayor, however, refused to approve the instant ^repairs and refused *127 to allow Farone to fill in or obstruct the pipe. As a result, the children’s center was forced to close.
The Mayor testified that the drain is, in fact, a natural drain and that the City has historically maintained the drain. In considering the 2008 request, however, the Mayor determined that the City did not have ownership of, or responsibility for, the drainpipe because it is located under private property. According to the City, the most recent request to repair the pipe actually required replacement, rather than patching, making the work more extensive than previous repairs. The City submits that it performed the prior repairs in an effort to assist the nonprofit ministry; however, the City was not prepared to perform such extensive repairs/replacement of a drain running under private property.
Farone subsequently filed suit seeking an injunction, damages and requesting that the City be ordered to make the repairs. Cross motions for summary judgment were filed and denied. Following the presentation of Farone’s evidence at trial, the City moved for involuntary dismissal under La. C. Civ. P. art. 1672(B).[1] Farone urged the theory of tacit dedication and the City responded that it was protected by the governmental discretionary immunity found in La. R.S. 9:2798.1, infra. In very brief reasons for judgment, the judge opined that the statute regarding tacit dedications was inapplicable. laHe further held that La. R.S. 9:2798.1 was applicable and operated to shield the City from responsibility for the decision not to repair or replace the pipe. This appeal by Farone ensued.

DISCUSSION

Ordinarily, a dismissal based on Article 1672(B) should not be reversed in the absence of manifest error or unless clearly wrong. Brodnax v. Foster, 47,079 (La.App.2d Cir.4/11/12), 92 So.3d 427; Clifton v. Coleman, 32,612 (La.App.2d Cir.12/23/99), 748 So.2d 1263, writ denied, 00-0201 (La.3/24/00), 758 So.2d 151. While factual determinations by the trier of fact are given great deference on appeal, if the trial court’s decision was based on an erroneous application of law, rather than a valid exercise of discretion, the trial court’s decision is not entitled to the deference it would otherwise enjoy. Brodnax, supra, citing Lasha v. Olin Corp., 625 So.2d 1002 (La.1993). Here, we conclude that the trial judge erroneously applied the discretionary immunity provided in La. R.S. 9:2798.1; and, therefore, we do not afford the trial judge the benefit of the manifest error standard of review.
The statute reads as follows:
§ 2798.1. Policymaking or discretionary acts or omissions of public entities or their officers or employees
A. As used in this Section, “public entity” means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instru-mentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, *128 officials, and employees of such political subdivisions.
B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
|4C. The provisions of Subsection B of this Section are not applicable:
(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policy-making or discretionary power exists; or
(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.
D. The legislature finds and states that the purpose of this Section is not to reestablish any immunity based on the status of sovereignty but rather to clarify the substantive content and parameters of application of such legislatively created codal articles and laws and also to assist in the implementation of Article II of the Constitution of Louisiana.
Significantly, however, the immunity in discretionary matters exercised by a governmental agency is not absolute. Mitter v. St. John the Baptist Parish, 05-375 (La.App.5th Cir.12/27/05), 920 So.2d 263, writ denied, 06-0254 (La.5/26/06), 930 So.2d 21, citing McCloud v. Parish of Jefferson, 383 So.2d 477, (La.App. 4th Cir. 1980). Article 12, Section 10(A), of the Louisiana Constitution provides that “[njeither the state, a state agency, nor political subdivision shall be immune from suit and liability in contract or for injury to person or property.” In McCloud, supra, the plaintiffs survived an exception of no cause of action where they alleged that their property had sunk as result of the absence of an effective drainage system and that the parish’s negligence consisted of failure to provide adequate drainage after undertaking to do so. Justice Lem-mon, concurring, recognized that “[o]nce a governmental body ... undertakes to provide drainage or to make general improvements to an existing system, it has a duty to perform this function according to reasonable standards and in a manner which does not cause damage to particular citizens[.]”
|fiIn the more recent drainage case of Mitter, supra, on facts very similar to this case, the fifth circuit reiterated that the immunity afforded under section 2798.1 is not absolute. The Mitter court quoted with approval the trial court’s reasons for judgment in the case:
It is unthinkable that a governmental authority could be protected from liability in a case such as this where improvements to the drainage system relieving the problems of certain citizens ... causes problems to other citizens.
In the case sub judice, Farone argues that the City undertook a responsibility to continue to repair the drainpipe when it performed past maintenance and repairs. We agree. As previously stated, the May- or testified that the drain is a natural drain and is connected to the City’s drainage system. He agreed that the drain is vital to the drainage system as it diverts water off of North Vine Street. In his deposition, the Mayor stated that it is the City’s responsibility to maintain natural drains whether they be on public or private property. He testified that he approved repairs to the drain in years past because “if it had not been repaired, if it had remained stopped up it would have flooded the street ... and we would have had liability.” The Mayor further testified that, for this reason, the drain must remain functional, free and flowing. Accordingly, the City maintained the drain and *129 made at least three prior repairs to the drainpipe, despite the fact that all parties are aware that the pipe is located under private property. The Mayor also recognized and agreed that the failure of the drainpipe is the cause of the massive and growing sinkhole that has damaged Far-one’s property and ministry.
We conclude that the City utilized the drain for a public purpose and was on notice of the drainage problem. Moreover, the City undertook the | (¡responsibility for repair of the drainpipe for years — until the condition of the pipe deteriorated to the point of needing replacing. On these facts, we find that the trial judge legally erred in holding that the City’s refusal to perform further repairs to the drain are protected by the discretionary immunity of La. R.S. 9:2798.1. McCloud, supra; Milter, supra. The motion for involuntary dismissal was improperly granted and the matter must be remanded for further proceedings.
In light of our holding herein, we do not reach the issues of ownership of the drainpipe or whether there was inverse condemnation as asserted by Farone, notably argued for the first time on appeal.

DECREE

For the foregoing reasons, the judgment granting involuntary dismissal in favor of the City of Bastrop and dismissing with prejudice the claims of Nick Farone Music Ministry, D/B/A New Beginnings Christian Center, is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion. Costs of appeal are assessed to the City of Bastrop in the amount of $1,828.89. La. R.S. 13:5112.
REVERSED AND REMANDED.

. La. C. Civ. P. Art. 1672(B) provides:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.