CALLOWAY, J., Pro Tempore.
_JjThe plaintiff, Nick Farone Music Ministry, d/b/a New Beginnings Christian Center (“Farone”), appeals a judgment ordering the defendant, the City of Bastrop (“the city”), to pay $11,430 in damages for the removal of an old drainpipe and- the placement of a new one on the plaintiffs property. Farone argues that the damages awarded are insufficient, particularly because 'the award does not compensate for the loss of business income it -allegedly incurred due to the city’s failure to repair and/or replace the old drainpipe. Finding no error in the trial court’s'judgment and no basis for an award of damages for loss of business income, we affirm.
FACTS
In September 2008, Farone filed suit -for an injunction and damages against the city for its refusal, after having made repairs on prior occasions, to make additional repairs to a drainpipe that was causing a sinkhole in its. parking lot. The matter proceeded to a bench trial on September 1, 2011. After Farone rested its case, the city moved for involuntary dismissal. Finding that the city’s refusal to perform further repairs was protected under the doctrine of discretionary immunity for public entities, La. R.S. 9:2798.1, the trial court granted the city’s motion and dismissed Farone’s suit with prejudice. Far-one appealed.
In Nick Farone Music Ministry d/b/a New Beginnings Christian Center v. City of Bastrop, 47,410 (La.App.2d Cir.9/26/12), 106 So.3d 125, writ denied 2012-2344 (La.12/14/12), 104 So.3d 446, which more fully sets forth the background facts of this matter, this court reversed the trial court’s judgment and remanded for further proceedings. Concluding |2that the city had used the drain for a public purpose, had notice of problems with the drainage, and had repaired the drainpipe for years until it deteriorated to the point of needing replacement, this court found legal error in the trial court’s holding that the city’s refusal to perform further repairs was protected by the doctrine of discretionary immunity.
*631 On remand, Farone filed a petition for a writ of mandamus to force the city to repair the drainpipe. The city countered that mandamus was inappropriate because the trial was not yet complete, and no final judgment had been rendered. ■ The trial court denied the writ of mandamus and fixed a date for the continuation of the trial. Thereafter, the city filed a motion in limine’to prevent Farone from introducing new evidence when the trial resumed. The city argued that Farone had already called its witnesses and presented its case. Farone filed a motion to strike the city’s defense of discretionary immunity. The trial court granted both motions, but it did provide that Farone, upon amendment of its petition, could present evidence of any new damages incurred since the trial began. Farone did not amend its petition to assert new damages.
The bench trial resumed on March 13, 2014, with one witness testifying on behalf of the city. Arthur Jones, the city’s mayor and former director of public works, testified about the city’s prior repairs to the drainpipe so as to keep open the natural drain that flowed through Farone’s property. After closing arguments, the trial court ordered the parties to submit post-trial briefs.
|aOn August 15, -2014, the trial court rendered a written ruling which addressed three issues, namely, ownership of the drainpipe, the city’s responsibility for repairs, and damages. First, the trial court found that the city did not own or install the drainpipe on • Farone’s property. There was no documentary evidence of the city’s ownership or even that the city had a servitude or right-of-way to enter Farone’s property to maintain the drainpipe. Second, the trial court concluded that the totality of the evidence showed that the city, because of its prior actions to repair or maintain the drainpipe so as to keep the natural drain flowing, assumed responsibility for future repairs or replacement of the drainpipe on Farone’s property.
Third, the trial court found that Farone had proved that it was entitled to an award of damages in the amount of $11,430 to remove the old drainpipe and place a new one. This award was based on the testimony of Norwood Harrison, a contractor who had prepared an estimate for the work and who had been called as a witness by Farone during its case in chief. However, the trial court found that the evidence presented by Farone did not support its claim for loss of business income.
A judgment in favor of Farone and ordering the city to pay $11,430 in damages, plus legal interest, was rendered on January 29,2015. Farone now appeals.
DISCUSSION
Farone asserts that the trial court erred in failing, to award sufficient damages, specifically for loss of business income, suffered because of the city’s failure to repair or replace the drainpipe. Farone asserts that the | testimony of its tax preparer, Philip Smith (“Smith”), proved that it suffered a.loss of income in the amount of $297,400 from 2008 through 2014. Therefore, Farone argues that the trial court’s award was abusively low.
Special damages are those which must be specifically pled or have a ready market value, meaning the amount of damages can generally be determined with relative certainty. Smith v. Escalon, 48,129 (La.App.2d Cir.6/26/13), 117 So.3d 576. Loss of businéss income or profits is a type of special damages that must be proved with reasonable certainty and cannot be based on speculation or conjecture. Bailes v. U.S. Fidelity & Guar. Co., 512 So.2d 633 (La.App. 2d Cir.1987); Rosenblath v. Louisiana Bank & Trust Co., 432 *632 So.2d 285 (La.App. 2d Cir.1983). It must be shown that the loss of income was, more probably than not, attributable to the defendant’s conduct or fault. Peacock's, Inc. v. Shreveport Alarm Co., 510 So.2d 387 (La.App. 2d Cir.1987), writs denied, 513 So.2d 826, 827, 828 (La.1987). The trial court is afforded much discretion in its determination of special damages and it must have a reasonable basis for its discretion. Bailes, supra; Rosenblath, supra. The burden is on the plaintiff to prove special damages by a preponderance of the evidence, and the trial court’s findings are reviewed under the manifest error standard. Smith, supra.
Smith testified in support of Farone’s claim of loss of business income due to the city’s failure to repair or replace the drainpipe. Smith is a co-owner of Cosmic Solutions, a tax preparer business. Smith testified that he is not a certified public accountant and has no college degree. He has | ,470 hours of college credits and is IRS-approved for electronic tax filings. He prepared tax returns for Farone for a number of years. Farone’s tax returns for the years 2007 through 2010 were introduced into evidence in conjunction with Smith’s testimony. No returns for the years 2011 through 2014 were identified or introduced. Smith testified that he prepared the tax return^ based on numbers provided by Farone. He did not audit Farone’s records and had no way to, verify the accuracy of the information provided by Farone. On direct examination, Smith testified that Farone suffered a loss of income totaling $148,730 from 2008 through 2010. Farone argues on appeal that this amount should be doubled to account for losses from. 2011 through 2014.
Having reviewed Smith’s brief testimony, we agree with the trial court that the evidence does not support ,the claim for loss of business income. Smith merely prepared, tax returns based on unverified information provided-by Farone. Nothing in Smith’s testimony shows that Farone had any loss of business income attributable to the conduct or fault of the city. It would be mere speculation or conjecture to find any loss- of business income- or to relate such losses to the city’s failure to repair or replace the drainpipe. Accordingly, we find no manifest error or abuse of discretion by the trial court in its denial of damages for loss of business income and in its award of $11,430 in damages based on Harrison’s estimate.
CONCLUSION
For'the reasons stated, we affirm the trial court’s judgment. Costs of appeal are assessed against the plaintiff-appellant.
AFFIRMED.'